SMITH v. DURKEE.

1. CONTRACTS—INJUNCTION—CONSTRUCTION AND INTERPRETATION—EVIDENCE.

Every word and phrase of a contract, so far as practicable, is to be given effect, and if there is a doubt as to the meaning, the situation of the parties, the subject-matter of the transaction and the acts, conduct and dealings of the parties may be considered in determining the meaning of any particular clause.

2. SAME — GOOD WILL OF BUSINESS — RESTRAINING COMPETING BUSINESS.

Under a contract not to engage in business in the city of St. Johns, in competition with the business sold to complainant by defendant, and providing that defendant should not, for five years, carry on or be interested in any opposition thereto, or do anything to the prejudice thereof, defendant, whose business had included territory surrounding St. Johns, was rightly restrained from competing with complainant for five years in any territory within 20 miles of St. Johns.

Appeal from Clinton; Searl, J. Submitted April 18, 1911. (Docket No. 61.) Decided July 5, 1911.

Bill by Edwin M. Smith against Edward A. Durkee to restrain the violation of a contract. From a decree for complainant, defendant appealed. Affirmed.

*Walbridge & Kelley*, for appellant.

*Lyon & Moinet*, for appellee.

McALVAY, J.   In this case the bill was filed by complainant against defendant to enjoin him from selling musical instruments, sewing machines, etc., and from carrying on or being interested in or connected with any such business, within the city of St. Johns and Clinton county and other territory, contrary to the terms of a certain contract between the parties, and for damages for violation of said contract.   The court granted complainant relief, finding that defendant had violated the terms of the agreement, and enjoined him during the term of years provided for by the contract from in any manner engaging in said business within the city of St. Johns, and at any place within 20 miles thereof.   The question of damages for the breach of the contract was reserved from the decree, and complainant was left to his right of action at law to recover the same.   The contract referred to reads as follows:

"This agreement, made the 18th day of February, in the year 1908, between Edward A. Durkee, of St. Johns, Michigan, and Edwin M. Smith, of St. Johns, Michigan. Witnesseth, that the said Edward A. Durkee, for the consideration hereinafter specified, agrees to sell to the said Edwin M. Smith, all the stock of general musical merchandise, consisting of pianos, organs, sewing machines, etc., according to a certain invoice made this day by Edward A. Durkee and Edwin Smith, belonging to the said Edward A. Durkee, and now being in the O. W. Munger store, building number six, Clinton Ave., occupied by him as a music store, and also all the interest and good will of the business heretofore carried on there by the said Edward A. Durkee.   In consideration thereof the said Edwin M. Smith agrees to pay to the aforesaid Edward A. Durkee, upon delivery of said goods, etc., as full payment thereof the sum of thirteen hundred and thirty-seven ($1,337.00) dollars.

"And in further consideration of the premises, and of the payment by the said party of the second part, of the consideration hereinbefore expressed, and for the purpose

of enabling the said party of the second part and his personal representatives to acquire and enter upon, conduct, continue, and carry on the aforesaid business of the said Edward A. Durkee, the said party of the first part hath for himself, his personal representatives and assigns, covenanted, granted, promised and agreed, and doth by these presents covenant, grant, promise and agree to and with the said party of the second part, his personal representatives and assigns, that from and after the execution of this agreement, he will not at any time for the period of five years from and after the date thereof, either alone or jointly with or as agent for or employé of any person or persons, firms or corporations, excepting only as agent for or employé of said party of the second part hereunto, his personal representatives or assigns, and either directly or indirectly set up, exercise, conduct or be engaged, employed or interested or carry on in the city of St. Johns, any occupation, interests, and privileges so heretofore exercised, conducted and carried on by said Edward A. Durkee, and so hereby sold and assigned, transferred, and set over to said party of the second part, nor set up, make, carry on or encourage, or be engaged or interested in any opposition to the said business so hereby sold, assigned, transferred, and set over, and so hereafter to be carried on by said party of the second part hereunto, his personal representatives and assigns, nor do anything to the prejudice thereof.

"It is further agreed that said E. A. Durkee shall have the right to resell any goods he previously has sold and has to take back on forfeiture of contract of sale and he also reserves the right to sell one Ivers & Pond Piano.

"In witness whereof, the said parties hereto have hereunto set their hands and seals, the day and year first above written.

"In presence of:

[Signed]       "MRS. NELLIE METCALF.
[Signed]       "J. M. HOXIE.
          [Signed]       "EDWARD A. DURKEE.       [Seal]
          [Signed]       "EDWIN M. SMITH."       [Seal]

Complainant paid the consideration according to agreement, took possession of the property, and entered upon the conduct of the business.

There is little dispute upon the facts in the case. It appears that the defendant who had represented before

the sale, as an inducement to complainant to purchase, that his business extended throughout Clinton county and other counties, after such sale, paid no attention to the obligations of the contract and announced within a few weeks in the newspapers of St. Johns that he was a representative of a certain celebrated piano, and could furnish pianos slightly above factory prices, and continued such announcements for several months. He was actively engaged in the business of offering pianos for sale and soliciting purchasers in St. Johns and Clinton county. He displayed and demonstrated pianos at the county fair in St. Johns, and sent pianos out of the city to prospective purchasers. He attempted to avoid his contract by soliciting purchasers to make orders from the factory. The record shows a list of pianos sold by him in Clinton county outside the city of St. Johns. Defendant introduced no evidence in the case and in his brief admits a violation of the contract.

Defendant has appealed upon but one proposition, and that is that the court was in error in construing the contract to include territory outside the city of St. Johns in which defendant could not engage in this business or in any manner be connected therewith. Before this sale to complainant defendant was for several years engaged in this business. It was a business not confined to the city of St. Johns. It was carried on in the usual way such business is conducted in small towns. He had a salesroom and office in St. Johns where he kept the stock on hand and made sales. He also, as an itinerant solicitor and salesman, went out from St. Johns with a team or automobile carrying an instrument and solicited and made sales. He not only covered Clinton county, but also adjoining counties and represented to complainant that his business included Ingham, Gratiot, Ionia, and Shiawassee counties. He sold the property and good will of this business for cash. He had resided in St. Johns, and continued to reside there and conduct his business in practically the same manner he had conducted it before such

sale. The paragraph of the contract which was construed by the court reads:

"And in further consideration of the premises, and of the payment by the said party of the second part, of the consideration hereinbefore expressed, and for the purpose of enabling the said party of the second part and his personal representatives to acquire and enter upon, conduct, continue, and carry on the aforesaid business of the said Edward A. Durkee, the said party of the first part hath for himself, his personal representatives and assigns, covenanted, granted, promised and agreed, and doth by these presents covenant, grant, promise and agree to and with the said party of the second part, his personal representatives and assigns, that from and after the execution of this agreement, he will not at any time for the period of five years from and after the date hereof, either alone or jointly with or as agent for or employé of any person or persons, firms or corporations, excepting only as agent for or employé of said party of the second part hereunto, his personal representatives or assigns, and either directly or indirectly set up, exercise, conduct or be engaged, employed or interested or carry on in the city of St. Johns, any occupation, interests and privileges so heretofore exercised, conducted and carried on by said Edward A. Durkee, and so hereby sold and assigned, transferred, and set over to said party of the second part, nor set up, make, carry on or encourage, or be engaged or interested in any opposition to the said business so hereby sold, assigned, transferred and set over, and so hereafter to be carried on by said party of the second part hereunto, his personal representatives and assigns, nor do anything to the prejudice thereof."

This paragraph was the important part of this contract. It received more attention than all the rest of the instrument. It covers more than one-half of the contract. We must conclude that the parties intended that it should express their intention relative to the restrictions it placed upon defendant in consideration of the purchase by the complainant and for his benefit, and, as in the construction of every contract, all of its terms and agreements, and every word and phrase should be given effect if practicable. *Vary v. Shea*, 36 Mich. 388; *Plano Manfg. Co. v. Ellis*, 68

Mich. 103 (35 N. W. 841), and cases cited; *Negaunee Iron Co.* v. *Iron Cliffs Co.*, 134 Mich. 280 (96 N. W. 468).

The parties have in terms stated that these stipulations are for the purpose of enabling complainant, his representatives and assigns "to acquire and enter upon, conduct, continue and carry on" the business of defendant, who for himself and his representatives and assigns did "covenant, grant, promise, and agree" to refrain from doing certain things, viz.: That from and after the execution of the contract he would not at any time for the period of five years "either alone or jointly with or as agent for or employé" of any one except complainant, his assigns, and representatives, "either directly or indirectly set up, exercise, conduct or be engaged, employed or interested or carry on in the city of St. Johns any occupation, interests and privileges so heretofore exercised, conducted and carried on" by him and sold to complainant; "*nor set up, make, carry on or encourage, or be engaged or interested in any opposition to the said business so hereby sold, assigned, transferred and set over and so hereafter to be carried on by said party of the second part hereunto, his personal representatives and assigns, nor do anything to the prejudice thereof.*"

Defendant's contention is that this entire paragraph relates to the carrying on and being engaged in this business only within the limits of the city of St. Johns for the term of five years. If this is correct the last portion just quoted is of no force or effect. It must be treated as if stricken out. Notwithstanding the fact, everything, and more than was absolutely necessary, had already been said to bind defendant not in any manner to engage in this business at that place. In the light of this record which shows the nature of the business, the way in which it was conducted, and the acts and dealings of the parties, may we say that this paragraph of the contract referred only to the city of St. Johns? Under the rule of construction already invoked we must give effect to every

word and phrase of this contract if practicable. In *Negaunee Iron Co.* v. *Iron Cliffs Co.*, *supra*, where the court affirmed that rule, it said:

" If there is a doubt as to the meaning, courts will consider the situation of the parties, the subject-matter of the transaction, the acts, conduct, and dealings of the parties in determining the meaning of any particular clause."

It is contended by defendant that, in construing contracts in restraint of trade, the principle that no restraint may rest upon inference should not be overlooked. Not disputing that proposition, it is apparent to us that the construction urged by defendant rests upon an inference, and absolutely disregards a material portion of the contract. If this rejected portion is included, as it must be if practicable, the conclusion cannot be avoided that the agreement between the parties was that defendant was not to set up, make, carry on or be engaged in any opposition to the business sold and thereafter to be carried on by complainant " nor do anything to the prejudice thereof " in the territory where it had formerly been carried on by him. It is apparent from the record and from facts of which this court may take judicial knowledge that, considering the dealings of the parties, the size of the small town of St. Johns where four concerns were competing for this business, and the populous agricultural community in the vicinity in which defendant conducted this business, that the sale of the business and its good will as expressed was not restricted to St. Johns. We agree with the construction of the circuit court, and consider the limits imposed just and reasonable.

The decree is affirmed, with costs to complainant.

MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.