REAL ESTATE STORES, INC., *v*. HARRIS.

1. CONTRACTS—CONSTRUCTION.

A contract should be construed with reference to all of its terms.

2. SAME—CONSTRUCTION—MEANING IN DOUBT.

So far as practicable or legally possible, in construing a contract each and all of its provisions should be given effect; and if there is doubt as to the meaning, the conditions and circumstances surrounding the contracting parties and the subject matter with which they are dealing may be considered in arriving at a just construction.

3. SAME—COVENANTS—FORM.

No particular form of phraseology is essential to constitute a covenant in a contract.

4. LANDLORD AND TENANT—CONSTRUCTION OF LONG-TERM LEASE.

Under a 99-year lease permitting lessee to remove any building upon execution of a $40,000 surety bond guaranteeing replacement with a building costing not less than $50,000 and prohibiting mechanic's liens "upon any building or improvements," the lessee had a right, upon tender of the required bond, to permit a subtenant to improve and modernize the building at a cost of $75,000.

5. SAME—LONG-TERM LEASE—IMPROVEMENTS—WASTE.

Under 99-year ground lease barring mechanic's liens upon "buildings or improvements" located thereon, the term "improvements" may not be construed as synonymous with

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 12 Am. Jur., Contracts, § 241.
[2] 12 Am. Jur., Contracts, §§ 247, 248.
[4, 5] 32 Am. Jur., Landlord and Tenant, §§ 207, 208.
[4] Right of tenant to make alterations in structures on leased premises.   9 A.L.R. 445; 13 A.L.R. 824.
[5] 32 Am. Jur., Landlord and Tenant, § 778.
[6] 32 Am. Jur., Landlord and Tenant, § 127.

"buildings" so as to bar, on theory of committing waste, the lessee's subtenant from making substantial improvements and modernization of a building on the premises as elsewhere authorized by the lease.

6. SAME—CONSTRUCTION OF LEASE—INTENT—IMPROVEMENTS.

Where the intent of the parties under a 99-year lease is readily ascertainable from pertinent express provisions of the lease, the statute barring implication of covenants in conveyances of real estate is not involved in controversy between lessor and lessee relative to a substantial improvement of the premises (3 Comp. Laws 1929, § 13281).

Appeal from Wayne; O'Hara (Chester P.), J. Submitted April 6, 1948. (Docket No. 11, Calendar No. 43,984.) Decided June 14, 1948.

Bill by Real Estate Stores, Inc., a Michigan corporation, against Mary Harris and others to construe a lease. Bill dismissed. Plaintiff appeals. Reversed and remanded for further proceedings.

*John P. O'Hara,* for plaintiff.

*Greenberg & Greenberg* and *John H. Flancher,* for defendant.

DETHMERS, J. This is a suit to determine plaintiff's rights, as lessee, to make improvements and alterations in and to a building on premises held under a 99-year lease, and to enjoin defendants, as lessors, from interfering with plaintiff's rights thereunder. On motion, the court dismissed the bill of complaint. Plaintiff appeals.

The lease, executed in 1929, was in form a ground lease, demising specifically described land. On it was situated a two-story brick building housing a number of stores and offices. Plaintiff sublet a portion thereof, the subtenant agreeing to improve and modernize the building at a cost of not less than

$75,000. While the improvements were being made defendants gave plaintiff notice of default, claiming waste, and demanded that the building be restored to its original condition. Plaintiff tendered a $40,000 bond conditioned on repairing the building so as to place it, within 11 months, in as good or better condition than when the alterations were commenced. Defendants declined the bond. Plaintiff then brought this suit. Defendants thereafter forfeited the lease.

Paragraph 6 of the lease provides, in substance, that "any building now or hereafter placed upon the premises * * * may be removed * * * over and over again * * * for the purpose of erecting another building thereon" upon execution of a surety bond of not less than $40,000 "guaranteeing * * * within one year * * * or within a reasonable time to replace the building described with a new and modern building at a cost of not less than $50,000."

Paragraph 9 of the lease provides "that there shall, during the demised term, be no mechanic's lien upon any building or improvements which may at any time be put upon or be upon said demised premises."

The lease permits lessee to lease or sublet the premises in whole or in part and to use the building thereon for any lawful purpose. It requires lessee to keep the present or future buildings in good repair and, at expiration of lease, to surrender premises in as good condition and repair as when leased. The words "buildings and improvements" appear repeatedly in the lease which neither prohibits alterations or improvements to the building nor requires surrender, at the end of the lease, of the same building or improvements there at its execution.

The trial court, in speaking of plaintiff's rights to make alterations and improvements, said:

"There is no question about the necessity for an express covenant upon this phase of the case. The

court cannot imply such a covenant, under the provisions of 3 Comp. Laws 1929, § 13281 (Stat. Ann. § 26.524), which provides: 'No covenant shall be implied in any conveyance of real estate, except oil and gas leases, whether such conveyance contains special covenants or not.' * * *

"And if it were not for the statute above quoted and referred to, this court would have no hesitancy in implying a right to alter or change and remodel, under the larger power given by this lease, *viz.*, to raze and wreck the present building or future buildings, and construct other buildings of a modern type upon the premises. But the statute absolutely prohibits any such implication. * * *

"The cases relied upon by plaintiff, wherein our Supreme Court has construed a lease, and given effect by construction to certain provisions therein, are not applicable in this case. In each one of those cases, where the Supreme Court so construed the lease, there was something in the lease itself upon the subject matter so that the court was not making a new contract between the parties, but was merely construing the contract as made by them. There is nothing in this lease which relates to alterations or material structural changes. Hence, there is no provision in this lease upon which this court could predicate a construction of the intent of the parties with reference to such alterations or changes."

In point is *Milligan* v. *Haggerty*, 296 Mich. 62. This case involved a 15-year lease of land for the purpose of excavating for clay for manufacture of bricks, the lessee to pay as rental 50 cents per thousand for all bricks manufactured therefrom. The lease provided that lessee would take clay continuously until fully removed and that, if the clay were all dug out before the 15-year term expired, the lease should be cancelled on the date all the clay was excavated. When the 15 years had expired lessee ceased operations with some of the clay still unremoved.

Lessor sued for damages in the amount he would have realized had all such clay been removed and manufactured into bricks. Although it was said in a dissenting opinion that the lease did not by express terms require the removal of all the clay, nevertheless Mr. Justice NORTH, in speaking for the majority of the Court, used language peculiarly applicable here as follows:

"We think the circuit judge placed an unduly restricted meaning upon this contract when he concluded: 'there is no provision in the lease which creates an express covenant or obligation on his [lessee's] part to manufacture such brick.' A contract should be construed with reference to all of its terms. *Brittson* v. *Smith,* 165 Mich. 222; *Caledonia Coal Co.* v. *Consolidated Coal Co.,* 181 Mich. 431. So far as practicable or legally possible, in construing a contract each and all of its provisions should be given effect; and if there is doubt as to the meaning, the conditions and circumstances surrounding the contracting parties and the subject matter with which they are dealing may be considered in arriving at a just construction. *Smith* v. *Durkee,* 166 Mich. 484. No particular form of phraseology is essential to constitute a covenant. *Vincent* v. *Crane,* 134 Mich. 700. * * *

"We are mindful of the statutory provision that no covenant shall be implied in any conveyance of real estate, except oil and gas leases (3 Comp. Laws 1929, § 13281 [Stat. Ann. § 26.524]); but we are convinced that a fair construction of the lease in suit discloses an express obligation or covenant on the part of the lessee to excavate within 15 years and to manufacture into bricks all of the clay on the leased premises suitable for that purpose."

In *Coulter* v. *Norton,* 100 Mich. 389 (43 Am. St. Rep. 458), the lessees of a hotel sublet the cigar and news room, including right of entrance to and from hotel rooms, for selling cigars and newspapers and

granted the entire cigar privileges of the hotel to sublessee. Thereafter they ceased operating the hotel because it was unprofitable. Sublessee brought suit for damages, claiming a covenant to maintain the hotel. Although the lease did not contain a covenant, in so many words, to continue to operate and maintain the hotel, the Court nevertheless, in affirming judgment for plaintiff and upholding his contention, said:

"It is claimed that this case falls within How. Stat. § 5655, which provides that 'no covenant shall be implied in any conveyance of real estate, whether such conveyance contain special covenants or not.' We think this objection without force. The question here is, what was leased? and we think the answer to this question very clear. There is no obscurity or uncertainty in the terms of the lease. It is the cigar and news room in the New Hurd House, the appurtenances thereto, and the right of entrance to and from the hotel rooms; also, the entire cigar privilege of the New Hurd. There can be no doubt that, on the one hand, the plaintiff understood that he was getting the room with the door opening into the Hurd Hotel office, and was to have the cigar privilege with the door opening into the hotel, nor, on the other hand, that the lessors understood that they were leasing the same thing. *Denison* v. *Ford,* 7 Daly (N. Y. Com. Pleas), 384. It is not a case of implied covenant. There was an express covenant for a peaceable and quiet enjoyment of the thing leased."

In the instant case although the lease does not contain the specific words "lessee may alter, remodel or improve the building," nevertheless the intent of the parties on the subject is expressed in the language of the lease. A fair construction of the language permitting the razing of the entire building and the constructing, at a cost of not less than $50,000, of a new building which might, incidentally,

be no different than that which would result from plaintiff's proposed $75,000 alteration and improvement, impels us to hold that the clearly expressed intent of the parties was that lessee should have the right here contended for by plaintiff. As said in *Gates* v. *Kenney*, 223 Mich. 187, and quoted in *Milligan* v. *Haggerty, supra:*

"To literally construe the language used as defendant asks us to do is so at variance with the clear intent of the parties as gathered from the context of the instrument, from the subject matter of the contract, from the surrounding circumstances, that we do not hestitate to reject such construction."

Furthermore, the provisions of paragraph 9 of the lease, referring to "building or improvements" in the alternative, clearly contemplate the right of the lessee to make improvements on the building. To hold, as defendants urge, that the parties used the word "building" as synonomous with the word "improvements" in this connection, and vice versa, serves only to make the latter word superfluous, as though the parties intended, by its use, to add nothing to what had already been said. To that we cannot subscribe.

The intent of the parties being so readily ascertainable from the express provisions of the lease, we are in no wise concerned here with the so-called "no implication statute," above cited. Defendants' contentions and citations of authorities as to what constitutes waste, or relative to the powers of courts to abrogate contracts and make new ones for the parties, or concerning what lessees, generally, may do without the consent of the lessor, are all beside the point. With the right to make alterations and improvements granted by the lease, the making of them cannot be complained of as constituting waste, cannot be said to have been without lessors' consent,

and requires the writing of no new contract to permit it.

A decree may enter in this Court in accord herewith, reversing the decree of the trial court which dismissed plaintiff's bill of complaint and remanding the cause for further proceedings. Costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.