KNOOP *v.* PENN EATON MOTOR OIL COMPANY, INC.

1. LANDLORD AND TENANT—CONSTRUCTION OF USE PROVISIONS—IN-
TENT.
> Generally provisions in a lease relating to use of premises are
> to be construed as permissive in character rather than re-
> strictive subject, however, to the qualification that use of the
> premises other than that specified in the lease shall not be
> injurious to the landlord's rights and the expressed intent of
> the parties.

2. SAME—PRIMARY PURPOSE OF LEASE—SALE OF LESSOR'S PRODUCTS
—INCIDENTAL USES.
> .Premises were intended primarily for use as a gasoline filling sta-
> tion, where lease provided that the tenants should handle and
> sell only the landlord's petroleum products, the rent payable was
> dependent on the amount of the sales and defendant lessor's
> sole interest in the premises was in the profits it would make
> on the sales, incidental uses such as automobile repairing to
> promote, and not interfere with, the primary purpose.

3. SAME—TERMINATION OF LEASE—PRIMARY PURPOSE—INCIDENTAL
USES.
> A breach of lease occurred, entitling the lessor to terminate it,
> when an incidental and subsidiary use became in fact the
> primary one and relegated the intended purpose of the lease
> to a secondary position.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur, Landlord and Tenant § 203.
[1, 2] Provision in lease as to purpose for which premises are to be
used, as excluding use for other purpose.  148 ALR 583.
[2, 3] 24 Am Jur, Gasoline Stations §§ 14, 18; 32 Am Jur, Landlord
and Tenant § 863.
[2, 3] Rights and remedies of parties in respect to lease of filling
station.  83 ALR 1416; 126 ALR 1375.
[5] 56 Am Jur, Waiver § 2.
[6, 7] 32 Am Jur, Landlord and Tenant § 881 *et seq.*

4. SAME—CONSTRUCTION OF LEASE—IMPLIED COVENANTS—STATUTES.

A construction of the express terms of a lease without implying covenants therein encounters no barrier in statute prohibiting covenants ·by implication in conveyances of real estate (CL 1948, § 565.5).

5. CONTRACTS—WAIVER—INTENT.

A waiver is the intentional relinquishment of a known right inducing the belief of an intention and purpose to waive it.

6. LANDLORD AND TENANT—ACCEPTANCE OF RENT.

Waiver of principal purpose of lease of premises of advancing gasoline and oil business of lessor, as a matter of law, was not effected by its acceptance of rent, based on declining sales, and operation of garage business which increased at rate of 3.8% per month.

7. SAME—WAIVER OF PAST BREACHES—CONTINUING BREACH—TERMINATION OF LEASE.

Acceptance of rent for 20 months by landlord under lease whose principal purpose was to advance sales of lessor's petroleum products, at most constituted a waiver of past breaches of the lease by the lessees who increased their garage business and let the sales of lessor's products fall off, but since the restriction on use was a continuing one, the continuing breach afforded a basis for lessor's termination of the lease and eviction of lessees without subjecting itself to liability for damages.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted October 2, 1951. (Docket No. 4, Calendar No. 45,105.) Decided December 3, 1951.

Action by Herman F. Knoop and wife against Penn Eaton Motor Oil Company, Inc., for damages caused by eviction of plaintiffs. Verdict for plaintiffs. Judgment for defendant *non obstante veredicto*. Plaintiffs appeal. Affirmed.

*Troff, McKessy & Lilly,* for plaintiffs.

*Jackson, Fitzgerald & Dalm,* for defendants.

DETHMERS, J. The owner of premises leased them to defendant, a distributor of gasoline and petroleum products. The lease provided that the premises were "to be used as a filling station for the sale of gasoline, oil, automobile supplies and accessories and any and all other merchandise handled in that vicinity by filling stations," that the rental should be 1 cent per gallon for each gallon of gasoline pumped at the station but with a fixed minimum, and that the lessor might terminate the lessee's tenancy upon the latter's default in any respect. Defendant, in turn, subleased the station to plaintiffs under a written lease which the latter knew was a duplicate of its lease from the owner except for the additional provision that plaintiffs should handle and sell the products of defendant but none in competition therewith.

Upon taking possession plaintiffs advertised complete motor repair service and remodeled the station somewhat, at an expense of about $125, to accommodate such work. For the purposes of this case, it may be assumed that for over a year and a half defendant made no objections although it knew that plaintiffs were doing a general garage business on the premises. While the garage business increased in volume at the rate of 3.8% per month, gasoline sales fell off until plaintiffs' profits from the garage business exceeded those from sales of gasoline and oil. After about 20 months defendant complained to plaintiffs about the poor service they were rendering to the gasoline station trade with a consequent falling off of gasoline sales and profits to defendant and advised plaintiffs that the owner of the premises was complaining about the use thereof for garage work to the extent that the gasoline station customers were being neglected although "the lease calls for a gasoline station only." Defendant informed plaintiffs that their course of action in that

regard was jeopardizing defendant's lease from the owner. Thereafter, for the reasons mentioned, defendant terminated the lease, served notice to quit upon plaintiffs, brought summary proceedings to recover possession of the premises and refused to make gasoline and oil deliveries to plaintiffs. The latter brought this suit for damages for breach of the lease in evicting plaintiffs and cutting off their gasoline and oil supply. A jury returned a verdict for plaintiffs, who appeal here from a judgment *non obstante veredicto* in favor of defendant.

Was the provision in the lease as to use of the premises permissive or restrictive? If restrictive, did plaintiffs' operation of a garage business thereon constitute a breach or default entitling defendant to terminate the lease? If the answer to the last question be in the affirmative, did defendant waive its rights in that regard and is it estopped to claim a breach and forfeiture?

Plaintiffs quote from 32 Am Jur, Landlord and Tenant, § 203; 51 CJS, Landlord and Tenant, § 337b; 148 ALR 585; and *Pearson* v. *Sullivan,* 209 Mich 306 (9 ALR 438), to the effect that provisions in a lease relating to use generally are to be construed as permissive in character rather than restrictive. It will be noted, however, that the expression of that general rule is made subject to the qualification that use of the premises other than that specified in the lease shall not be injurious to the landlord's rights and, further, that the expressed intent of the parties is controlling of the permissive or restrictive character of the use provision. In the instant case the provisions of the lease that plaintiffs should handle and sell the products of defendant and that the amount of rent depended on gasoline sales and reference therein to the lease between defendant and the owner under which, as plaintiffs well knew, defendant was entitled to retain none of the rentals and could ex-

pect as its only benefit from the leasing arrangements the profits to be made by it, as distributor, on the gasoline and petroleum products sold by plaintiffs, all these combined, without any resort to covenants by implication, to give eloquent expression to the intention of the parties that the premises should be used primarily to promote the sale of defendant's products, with such incidental uses, perhaps including auto repairing, as would serve to promote and not interfere with that primary purpose.   There was a clearly expressed intent to restrict the use to such purposes.   So soon as a use not intended to be more than incidental and subsidiary, as disclosed by the provisions of the lease, became in fact the primary one, relegating the intended purpose to a secondary position, a breach and default occurred entitling defendant to terminate.   Such construction of the express terms of the lease encounters no barrier in the provisions of CL 1948, § 565.5 (Stat Ann § 26.524) inhibiting covenants by implication in conveyances of real estate, as none is here implied. *Real Estate Stores, Inc.,* v. *Harris,* 321 Mich 623; *Milligan* v. *Haggerty,* 296 Mich 62.

Plaintiffs contend that defendant's acceptance of rent and failure to make objections to their use of the premises for garage purposes for 20 months worked a waiver of the use provision of the lease.   A waiver is the intentional relinquishment of a known right inducing the belief of an intention and purpose to waive it.   *Couper* v. *Metropolitan Life Ins. Co.,* 250 Mich 540; *Warren* v. *Crane,* 50 Mich 300; *Bailey* v. *Jones,* 243 Mich 159.   There were no proofs in the case upon which a jury should have been permitted to speculate or from which the inference could properly have been drawn that defendant agreed or intended to relinquish or waive its rights under the lease to have the station operated for the principal purpose of advancing its gasoline and oil business,

even though it made no objection to some garage business, on the premises. Plaintiffs cannot be said to have been induced by defendant to indulge or rely upon the belief that defendant intended a relinquishment or waiver, particularly for the reason that plaintiffs knew from the outset that defendant was bound to that same use restriction in its lease from the owner, which defendant was powerless to waive. Under the circumstances of this case and on the record made, defendant's failure to object (disputed by defendant) and its acceptance of rent for 20 months, as claimed by plaintiffs, amounted, at most, to nothing more than a waiver of past breaches. The restriction on use was a continuing one and plaintiffs' breach in that regard was equally a continuing breach. Defendant's claimed waiver of its right to terminate the lease because of the continuing breach of the restriction in the past would constitute no bar to its right to terminate on the grounds of the continuing breach of the restriction after such waiver. 32 Am Jur, Landlord and Tenant, §§ 156, 890; 18 Am & Eng Ency of Law (2d ed), 388; 3 Thompson on Real Property (perm ed), § 1476, p 733; *Alexander* v. *Hodges,* 41 Mich 691.

Defendant having acted within its rights in terminating the lease, evicting plaintiffs and cutting off their gasoline and oil supply, plaintiffs were not entitled to recover damages on account thereof. Accordingly, the judgment *non obstante veredicto* is affirmed, with costs to defendant.

REID, C. J., and BOYLES, NORTH, CARR, BUSHNELL, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.