## MAXEY *v.* PROCTOR.

1. CONTRACTS—WAIVER—EVIDENCE.

   Waiver is the intentional relinquishment of a known right and is evidenced by acts which indicate an intention to relinquish it or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive.

2. VENDOR AND PURCHASER—MODIFICATION OF WRITTEN OFFER—WAIVER.

   The proposed purchasers' rights under original written offer to purchase house whereby vendors were to obtain a mortgage was not modified, when vendors were unable to obtain such a mortgage, by purchasers' proposed modification that was not acceptable to vendors, did not constitute a waiver of the original agreement, hence, purchasers were entitled to a return of their deposit.

3. SAME—DEPOSIT—INTEREST—DEMAND—REVERSAL OF JUDGMENT ON APPEAL.

   Both the vendors and real-estate broker were liable to purchasers for amount of deposit plus 5% interest from date of demand, under record not disclosing whether the broker had turned the deposit over to the vendors, where judgment for defendants is reversed on appeal and ordered entered for plaintiff purchasers.

Appeal from Macomb; Noe (Alton H.), J. Submitted June 8, 1955. (Docket No. 11, Calendar No. 46,497.) Decided October 3, 1955.

Assumpsit by Robert Maxey and Louise Maxey against Clarence Proctor and Ruth Proctor. Charles

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur, Contracts § 354.
[2] 55 Am Jur, Vendor and Purchaser §§ 15-17.
[3] 55 Am Jur, Vendor and Purchaser §§ 529, 544.

J. Merrill and Paul E. Threm, doing business as Merrill-Threm Company, for refund of deposit made on contemplated real-estate transaction. Judgment for defendants. Plaintiffs appeal. Reversed and remanded for entry of judgment for plaintiffs.

*Moll, Desenberg, Purdy & Glover,* for plaintiffs.

*John C. La Fata,* for defendants Merrill and Threm.

SHARPE, J. This is an appeal from a judgment of no cause of action entered October 11, 1954, wherein plaintiffs brought an action to recover a deposit of $1,000 which accompanied an offer to purchase a residence owned by the defendants, Mr. and Mrs. Proctor. The offer was submitted through the real estate firm of Merrill-Threm Company, also a defendant in this case.

The essential facts are as follows: In June of 1951 plaintiffs were interested in purchasing a house. They saw a house owned by defendants, Mr. and Mrs. Proctor. A Mr. Girard, salesman for defendant Merrill–Threm Company, showed plaintiffs the house. After some preliminary negotiations were had, plaintiffs signed an offer prepared by Merrill-Threm to purchase the house. The offer provided in part as follows:

"The undersigned hereby offers and agrees to purchase the following land situated in the city of St. Clair Shores, Macomb county, Michigan, described as follows: . . . being known as 21832 O'Connor street, together with all improvements and appurtenances, including all lighting fixtures, shades, venetian blinds, curtain rods, storm windows and storm doors, screens and awnings, if any, now on the premises, and to pay therefor the sum of $20,500, subject to the existing building and use restrictions,

easements and zoning ordinances, if any, upon the following conditions: * * *

"Payment of the sum of $5,000 in cash or certified check, and the execution of a land contract upon the Burton Abstract and Title Co. form, acknowledging payment of that sum and calling for the payment of the remainder of the purchase money within . . . years from the date of contract in monthly payments of not less than . . . dollars each, which include interest payments at the rate of . . . per cent per annum, and which (do) (do not) include prepaid taxes and insurance. * * *

"The broker is hereby authorized to make this offer and the deposit of $1,000 may be held by him under rule 5 of the Michigan corporation [and] securities commission rules and regulations and applied on the purchase price if the sale is consummated, or at his option deliver the deposit to the seller upon the acceptance of this offer. * * *

"Additional conditions, if any: Seller is to obtain maximum mortgage agreeable to both parties. Mortgage payments are to be made by purchaser. Land contract to be discharged within a 2 year period or sooner at buyer's convenience, at which time the buyer will assume existing mortgage in his name. The sellers' equity to (be) paid in full in 24 equal instalments, including interest at 6%. The amount of payment to be determined at closing. Buyer agrees to pay mortgage costs."

Defendants, Mr. and Mrs. Proctor, accepted plaintiffs' offer. About 3 weeks after the offer was accepted, plaintiffs were informed by Girard that the deal was off because Mr. and Mrs. Proctor could not obtain a mortgage and the only way it could be handled would be for the plaintiffs to obtain a mortgage and give the Proctors a second mortgage for their equity and to supply a bond that plaintiffs would go through with the second mortgage. Plaintiffs were willing to complete the transaction on that

basis. However, at a later date defendants, Mr. and Mrs. Proctor, offered to deed the property to plaintiffs to enable them to get a $11,000 mortgage on the property. After plaintiffs obtained this mortgage they were to reconvey the property back to the Proctors and take back a land contract and execute a covenant not to sue. Plaintiffs did not agree to the Proctors' offer.

It appears that when plaintiffs were informed that the Proctors could not get a mortgage on the property, plaintiffs offered to get a mortgage provided the Proctors would accept a second mortgage for their equity in the property. It also appears that the Proctors informed Girard that they would not accept a second mortgage but would abide by the original offer and would accept a land contract for their equity. When Girard informed plaintiffs that the Proctors refused to accept a second mortgage, plaintiffs asked that their $1,000 deposit be returned. Upon defendants' refusal to return the deposit, the instant action was commenced.

The cause came on for trial before the court without a jury. The trial court entered judgment against plaintiffs, and in an opinion stated:

"It seems to the court that the fact that the plaintiffs did not elect to secure the return of the deposit at once, but proceeded to obtain a mortgage on their own, which was known to the Proctors and agreeable to them, was a waiver of their rights to insist upon the Proctors' duties in the first instance."

The record clearly shows that the Proctors were unable to comply with plaintiffs' original offer which they had accepted. The record also shows that plaintiffs did not accept the offer made by the Proctors, nor do we find that the original offer made by plaintiffs was modified by any agreement on their part, unless it can be said that plaintiffs' offer to secure

a mortgage was a modification of the original agreement or a waiver on the part of plaintiffs that the Proctors secure a mortgage. In *Bailey* v. *Jones,* 243 Mich 159, 162, we said:

"Waiver is the intentional relinquishment of a known right. * * * The usual manner of waiving a right is by acts which indicate an intention to relinquish it, * * * or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive."

See, also, *Knoop* v. *Penn Eaton Motor Oil Co.,* 331 Mich 693.

The proposed modification of the original offer made by plaintiffs was for plaintiffs to secure a mortgage and give defendants, the Proctors, a second mortgage. This offer was not acceptable to Mr. and Mrs. Proctor. It also appears that the counteroffer made by the Proctors was not acceptable to the plaintiffs. In our opinion the proposed modification of the original offer by plaintiffs, which was not accepted by defendant Proctors, was not a waiver of the original agreement.

The record does not show whether the broker turned the deposit over to the Proctors, and because of this fact all defendants named in the action are liable to plaintiffs. The judgment is reversed and remanded with directions that judgment for $1,000 plus interest at 5% from the date of demand for its return be entered in favor of plaintiffs.

Plaintiffs may recover costs.

Carr, C. J., and Butzel, Smith, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.