KIRBY v. MONROE PAPER PRODUCTS COMPANY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—AMBIGUITY OF TRUST AGREEMENT.

Whether question of ambiguity or nonambiguity of trust agreement from which defendant corporation's employees were to participate upon retirement from employment *held*, not before the Court of Appeals, where trial court's charge to jury in former employee's action on alleged contract clearly submitted issue of ambiguity to the jury and no objection thereto was made by defendants with opportunity so to do, and theory of nonambiguity was not pleaded, raised in either of defendants' motions to dismiss and motion for summary judgment, was not indicated in pretrial statement, and no instruction requested on the subject.

2. PLEADING—AFFIRMATIVE DEFENSES—ELECTION OF REMEDIES—ACCORD AND SATISFACTION.

The defense of election of remedies or accord and satisfaction must be pleaded, since they are affirmative defenses (GCR 1963, 111.7).

3. MASTER AND SERVANT—SEPARATION FROM SERVICE—RETURN OF CONTRIBUTIONS TOWARD RETIREMENT PENSION FUND.

The acceptance by an employee, who is separated from employment prior to normal retirement age of 65, of return of contributions plus interest *held*, not to constitute an election of remedies under trust agreement with employer for retirement and pension benefits, where he would have been entitled to the return of such contributions in any event.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 709 *et seq.*
[2] 41 Am Jur, Pleading § 155.
    1 Am Jur 2d, Accord and Satisfaction §§ 53, 54.
[3] 40 Am Jur, Pensions § 21.
    Rights and liabilities as between employer and employee with respect to general pension or retirement plan. 96 ALR 1093, 42 ALR2d 461.
[4, 5] 1 Am Jur 2d, Accord and Satisfaction § 12.

4. ACCORD AND SATISFACTION—CONSIDERATION.

An accord and satisfaction requires consideration.

5. SAME—CONSIDERATION—RETURN OF CONTRIBUTIONS TOWARD RE-
TIREMENT PENSION FUND.

An accord and satisfaction was not effected where there was no
consideration for the acceptance and retention of the returned
contributions plus interest, which plaintiff former employee
had paid under trust agreement with employer for retirement
and pension benefits, where he would have been entitled to
sums returned in any event.

Appeal from Monroe; Martin (Rex B.), J., presiding. Submitted Division 2 October 7, 1965, at Lansing. (Docket No. 352.) Decided November 15, 1965.

Complaint by Bernard F. Kirby against Monroe Paper Products Company, a Michigan corporation, and Gene L. Bennett, trustee of the Monroe Paper Products Company administrative employees' pension trust, for benefits due allegedly after plaintiff's termination from defendant company's employ. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Forsyth & Heck* (*Patrick A. Heck,* of counsel), for plaintiff.

*A. W. Sempliner* and *Weipert & Costello,* for defendants.

QUINN, P. J. Plaintiff filed this action to recover what he claimed was due him as a participant in the above named trust. His complaint contained four counts, namely: contract; negligence; misrepresentation; and a fourth count dismissed on motion at close of proofs. The jury verdict was for plaintiff on the contract count, and judgment entered on the verdict.

Plaintiff entered defendant company's employ about February 17, 1941. In June, 1954, the trust involved was created. July 1, 1954, plaintiff made application to participate in the trust and was accepted. He continued as an employee of the company and as a participant in the trust until discharged October 13, 1961. He was then 61 years of age. He received severance pay for 30 days, and by letter dated October 23, 1961, he requested advanced retirement and his pension benefits.[1] By letter from the company dated January 11, 1962, plaintiff was advised that the board of directors had denied his application for advanced retirement. With this letter was a check covering plaintiff's contributions to the trust plus interest at two per cent per annum,[2] and plaintiff retained the check. This suit was filed January 2, 1963.

Defendant contends on appeal that the trust agreement was not ambiguous and plaintiff's rights thereunder should not have been submitted to the jury. Defendant further contends on appeal that by accepting and retaining the return of his contributions plus interest, plaintiff made an election which bars the present suit. The claimed election becomes a claimed accord and satisfaction for the first time on appeal.

The theory of nonambiguity is raised for the first time on appeal. It is not pleaded; it is not raised in defendants' motion to dismiss and for summary judgment made before trial; it is not indicated as an issue in the pretrial statement which has not been corrected or amended, although counsel were notified to correct or amend within 2 weeks of re-

[1] Section 2.17 of trust agreement defines advanced retirement date as any anniversary date prior to normal retirement (age 65) but after age 55 if advanced retirement is approved by board of directors.
[2] Required by section 8.02 of trust agreement in case of termination of employment prior to normal retirement, except in case of advanced retirement.

ceipt of the statement, if corrections or amendments were required. This statement is dated March 12, 1964. The nonambiguity theory is not raised in defendants' motion to dismiss at close of proofs, nor did defendants request a jury instruction on it. The court's charge clearly submitted the issue of ambiguity to the jury and no objection was made by defendants, although afforded the opportunity to do so. This opportunity was used by defendants to obtain further instruction on what was evidence. On this state of the record, the question of ambiguity or nonambiguity is not before this Court. *Sterk & Vogel, Inc.,* v. *Kuzee* (1952), 334 Mich 249.

While it is this Court's opinion that the defense of election or accord and satisfaction is an affirmative defense that must be pleaded under GCR 1963, 111.7 and it was not so pleaded, decision of this issue can be on less technical grounds. There was no election in accepting return of the contributions plus interest for the very simple reason that section 8.02 of the trust agreement required it and plaintiff was entitled to it in any event. Nor can acceptance and retention of the returned contributions plus interest constitute an accord and satisfaction. The latter requires consideration. *Puett* v. *Walker* (1952), 332 Mich 117. The record discloses none.

The trial court is affirmed, with costs to plaintiff.

McGregor and Watts, JJ., concurred.