GREEN *v.* MILLMAN BROTHERS, INC.

1. CONTRACTS—MODIFICATION—CONSIDERATION—STATUTE.
Statute, providing that a modification of a contract shall not be invalid because of absence of consideration if the modification agreement is in writing, does not apply to an oral modification of a written lease agreement (CL 1948, § 566.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contracts §§ 87, 469.
[2] 17 Am Jur 2d, Contracts § 126.
[3] 32 Am Jur, Landlord and Tenant § 474.
[4–7] 32 Am Jur, Landlord and Tenant § 439.
Consideration for modification of terms of existing tenancy.   43 ALR 1451, s. 93 ALR 1404.
[8] 49 Am Jur, Statute of Frauds §§ 578, 581.
[9, 10] 28 Am Jur 2d, Estoppel and Waiver §§ 59, 60.
[11] 1 Am Jur 2d, Accord and Satisfaction § 12.
[12, 13, 15] 1 Am Jur 2d, Accord and Satisfaction § 23.
Acceptance of remittance by check purporting to be "in full" or accompanied by indications of debtor's intention that it be so regarded.   34 ALR 1035, s. 75 ALR 905.
Creditor's retention of check without cashing or negotiating it as acceptance in payment or settlement of an unliquidated or disputed claim.   13 ALR2d 736.
[14] 1 Am Jur 2d, Accord and Satisfaction §§ 4, 11.

2. SAME—CONSIDERATION—PRE-EXISTING DUTY.

> Performance of a pre-existing duty or legal obligation by a promisee is generally held not to be sufficient consideration for a return promise.

3. LANDLORD AND TENANT—LESSEE—COVENANTS.

> A lessee may covenant to pay rent without covenanting to occupy the lease-hold premises.

4. SAME—RENT—REDUCTION—CONSIDERATION.

> Consideration furnished by lessee in exchange for reduction of rent by lessor may be a covenant to occupy the leased premises, if the lessee had covenanted only to pay rent in the original lease.

5. SAME—RENT—REDUCTION—CONSIDERATION.

> Lessee who has covenanted both to pay rent and to occupy the premises in the original lease does not furnish consideration to lessor in exchange for lessor's reduction of rent by continuing to occupy the premises, because the lessee is already contractually obligated to occupy.

6. SAME—RENT—REDUCTION—CONSIDERATION.

> Lessee's agreement to remain in possession of leased premises in exchange for lessor's reduction of rent did not supply consideration for the rent reduction in a case where the lessee covenanted in the original lease not only to pay the agreed rental but also to "operate 100% of the leased premises during the entire term of this lease."

7. CONTRACTS—MODIFICATION—UNFORESEEABLE CONDITIONS—HARDSHIP.

> Failure of lessee's store in lessor's shopping center to produce a volume of business sufficient to make a profit was not such an extraordinary or unforeseen condition as to make an agreement by the landlord to reduce the rent enforceable without consideration by the lessee because of unforeseeable conditions or hardship.

8. FRAUDS, STATUTE OF—ESTOPPEL—BENEFITS.

> The theory of estoppel is frequently recognized to prevent parties escaping their obligations when they have stood by and acquiesced or received a consideration from contracts that they subsequently seek to avoid because the contracts do not conform to the statute of frauds (CL 1948, § 566.108).

9. ESTOPPEL—ACQUIESCENCE.

> Doctrine of estoppel by standing by or acquiescence could not be applied to plaintiffs who accepted rent checks for a lesser

amount than was due under the lease, in case where plaintiffs promptly put defendant lessee on notice that it considered it to be in arrears as to rental, and repeated the notice several times before suit was brought.

10. SAME—ACCEPTANCE OF BENEFITS—LIMITATIONS.

Acceptance of a benefit to which the party accepting the benefit is entitled in any event under a contract does not bring about the operation of estoppel against that party, unless it is done by way of compromise and settlement or accord and satisfaction, especially where such acceptance is accompanied by an express reservation of rights or where it is manifest that the party does not intend to surrender them.

11. ACCORD AND SATISFACTION—CONSIDERATION.

An accord and satisfaction requires consideration.

12. SAME—REDUCED RENT—CHECKS—ACCEPTANCE AND RETENTION.

Acceptance and retention by lessor of checks for reduced amount of rent, does not come within the rule of accord and satisfaction in case where there was no consideration furnished by lessee for alleged oral agreement by lessor to accept reduced amount of rent for life of lease.

13. SAME—CHECKS—INDORSEMENT—PAYMENT IN FULL.

Acceptance of checks with legend on the reverse side in the place for indorsement indicating that check is payment in full does not constitute an accord and satisfaction binding on the creditor in a case where the indebtedness paid by the check is not disputed.

14. SAME—MEETING OF THE MINDS.

A meeting of the minds is a requisite of an accord and satisfaction.

15. SAME—CHECKS—ACCEPTANCE AND RETENTION—REDUCED AMOUNT.

Acceptance and retention of checks marked "payment in full," for reduced amount of rent, did not operate as an accord and satisfaction in a case where there was no meeting of the minds of lessor and lessee as to the effect of the checks.

Appeal from Common Pleas Court of Detroit; Stanczyk (Benjamin C.), J. Submitted Division 1 April 6, 1967, at Detroit. (Docket No. 2,330.) Decided July 20, 1967. Rehearing denied August 25, 1967. Leave to appeal denied October 26, 1967. See 379 Mich 786,

Complaint by Abe Green, Rose Green, and Henry S. Alper against Millman Brothers, Inc., a Michigan corporation, for rent arrearage due under a lease. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Milton M. Maddin,* for plaintiff.

*Norman Rom,* for defendant.

LESINSKI, C. J.   Defendant Millman Brothers, Inc., a Michigan corporation, appeals from a decision of the common pleas court for the city of Detroit, in favor of plaintiffs Abe Green, Rose Green and Henry S. Alper.   The plaintiffs are the owners and operators of the Wonderland Shopping Center in the city of Livonia, Michigan.

The dispute arose out of a written lease agreement between the plaintiffs, as landlords, and the defendant, as tenant.   The lease was entered into on July 8, 1958, for a term of 20 years to commence April 1, 1960.   The annual rental of $12,250.08 was payable in monthly installments of $1,020.84 in advance, the first day of each month.   A provision for additional rent to be paid on gross sales is not here involved.

The defendant paid the stipulated monthly rental from April 1, 1960, until February of 1963.   In 1962, and 1963, the president of the defendant corporation had several conversations with Henry S. Alper, the general manager of the shopping center, relative to a reduction in the annual rent.   No agreement was reached until April, 1963, when an oral understanding was arrived at whereby the monthly rental was to be reduced by $150 commencing March 1, 1963. The defendant contends that the reduction in monthly rental was for the remaining term of the lease; however, the plaintiffs deny this and assert

that the reduction was for one year only. Based on the oral agreement, defendant issued a check dated April 1, 1963, in payment of the reduced monthly rental. Defendant continued such payments until February, 1966, for a total of 36 checks.

The reverse side of the checks bear a notation indicating that each check was for the rent of a given month and year. The checks were accepted and cashed by the plaintiffs.

Several months after the expiration of the one-year period, for which they admit the rent was reduced, the plaintiffs made demands for deficiency of $150 per month. Such demands were denied by the defendant.

On February 21, 1966, the plaintiffs brought suit to recover alleged accumulated deficiencies covering the period from March, 1964, to February, 1966, totaling $3,600. The defendant filed an appearance and answer in the lower court alleging that the oral agreement for reduction of rent was not for one year, as the plaintiffs contended, but for the balance of the lease; that the delivery of the checks to the plaintiffs and the subsequent cashing by them operated as an estoppel to prevent the recovery of any deficiency for the period in dispute; and that the receipt of the checks at the reduced rental was an accord and satisfaction of defendant's obligation during the period that such checks were received and deposited.

The trial court sustained plaintiffs' right to recovery and entered a judgment against the defendant in the amount of $3,600. It is from this decision that the defendant brings the present appeal.

In its first assignment of error, the defendant contends that the trial court erred in deciding that the oral agreement in dispute was not supported by consideration. Defendant contends that its continued

tenancy, after indicating its desire to vacate, supplied the consideration for the subsequent oral agreement for reduced rental.

To decide defendant's first argument on appeal, it is necessary to consider CL 1948, § 566.1 (Stat Ann 1953 Rev § 26.978[1]).[1] From a reading of this statute, it is clear that it does not apply to an oral modification of a written lease agreement. The question then for this Court is whether the subsequent oral modification was supported by consideration.

The performance of a pre-existing duty or legal obligation is generally held not to be sufficient consideration for a return promise. 17 Am Jur 2d, Contracts, § 119, p 465, reads: "The general rule is that a promise to do that which the promisor is legally bound to do, or the performance of an existing legal obligation, does not constitute consideration, or sufficient consideration, for a contract." Also, see *Puett* v. *Walker* (1952), 332 Mich 117.

The defendant claims that its continued occupancy formed the consideration for the oral agreement for reduced rental. In support of its claim the defendant directs our attention to *Minor-Dietiker* v. *Mary Jane Stores of Michigan, Inc.* (1966), 2 Mich App 585. There, as here, the disputed question was an oral agreement that called for a reduction of stipulated rental price in a prior written lease. This Court's holding in *Minor-Dietiker, supra,* is not applicable to the fact situation presented by the instant case.

---

[1] "An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or other security interest in personal or real property, shall not be invalid because of the absence of consideration: Provided, That the agreement changing, modifying, or discharging such contract, obligation, lease, mortgage or security interest shall not be valid or binding unless it shall be in writing and signed by the party against whom it is sought to enforce the change, modification, or discharge."

In *Minor-Dietiker, supra,* although the lessee had covenanted to pay stipulated rentals during the term of the lease, it had not made a covenant to remain in actual occupancy. Therefore, the lessee's subsequent refraining from vacating, at the behest of the lessor, formed the necessary consideration for the oral agreement to reduce the monthly rental. The lessee in agreeing to remain in the premises was forbearing from doing that which it had every legal right to do, even though it might have had a continuing liability for the payment of rent.

Cases in this State which make a distinction between a covenant to pay rent and occupy the premises and a covenant which relates only to the payment of rent are sparse. This Court, however, deems it a valid distinction. Where the covenant is twofold, to pay rent and to occupy, the subsequent agreement to remain in occupancy cannot form the consideration for an oral agreement to reduce rental because the lessee is already obligated contractually to remain. However, if the covenant is to pay the stipulated rental only, the decision of the lessee to remain in occupancy may be a distinct advantage to the lessor and would provide the necessary consideration for an agreement to reduce the rental. See *Copper* v. *Fretnoransky* (1892), 16 NYS 866; *Ten Eyck* v. *Sleeper* (1896), 65 Minn 413 (67 NW 1026).

In the instant case the defendant convenanted not only to pay the stipulated rental but also to "operate 100% of the leased premises during the entire term of this lease." Consequently the defendant's agreement to remain in possession of the premises did not supply the consideration for the subsequent oral agreement for reduced rental. See 5A Corbin, Contracts, § 1249.

It is necessary to distinguish the instant case from those where the lessee experiences unforeseeable

conditions or hardship and as a consequence of con-
cessions as to rental, agrees to continue occupancy
and meet the new difficulties. The failure of the lo-
cation under lease here to be productive of a volume
of business such as would produce a profit was not
such an extraordinary or unforeseen condition as
would fall within the ambit of the aforementioned
exception.

For this Court to hold that the failure to carry out
a party's threat to breach a contract in writing, bar-
ring unforeseen or extraordinary circumstances, is
valid consideration for oral concessions made by the
other party to prevent such breach, would destroy
the stability of written contracts in this State.

In defendant's second assignment of error, it con-
tends that the receiving and subsequent cashing of
the checks in question for a period of 24 months
after the one-year period operated as an estoppel
to prevent the plaintiffs from seeking deficiencies
in rental during that period.

To substantiate its argument, the defendant
directs our attention to *Zannis v. Freud Hotel Co.*
(1932), 256 Mich 578. The *Zannis* decision, at 586,
stated: "the theory of estoppel has been frequently
recognized and parties have not been permitted to
escape their obligations when they have stood by
and acquiesced or received a consideration from con-
tracts that they subsequently seek to avoid because
they do not conform with the statute of frauds."

The doctrine of estoppel by "standing by" or "ac-
quiescence" presupposes, among other things, that
the party against whom the doctrine is asserted was
guilty of such inaction. In the instant case this be-
havior cannot be attributed to the plaintiffs if the
trial court chose to believe the witness of the plain-
tiff and give credence to the exhibits admitted into
evidence. In a letter dated April 27, 1964, addressed

to the defendant and signed by Louis Segal, the
manager of the plaintiffs' shopping center, the de-
fendant was put on notice that the plaintiffs con-
sidered it to be in arrears as to rental.   Again on
January 26, 1965, another letter addressed to the
defendant and signed by counsel for the plaintiffs,
Milton M. Maddin, informed the defendant that if
arrearages were not satisfied promptly then neces-
sary steps would have to be taken to accomplish col-
lection.   Again on February 23, 1965, there was
communication between counsel for the respective
parties that indicated the defendant's delinquency
as to rental.

A further limitation on the doctrine of estoppel is
that the acceptance of a benefit under a contract to
which the party is entitled in any event does not
bring about the operation of estoppel.   "The pay-
ment of a valid and undisputed past-due debt cannot
be the basis of an estoppel, and an acceptance of a
portion of that to which a party is entitled, unless it
is done by way of compromise and settlement or ac-
cord and satisfaction, is not a bar to the subsequent
assertion of a claim for the balance, especially where
such acceptance is accompanied by an express reser-
vation of rights or where it is manifest that the party
does not intend to surrender them."   28 Am Jur 2d,
Estoppel and Waiver, § 60, pp 680, 681.   See, also,
*Grand Trunk Western R. Co.* v. *H. W. Nelson Co.,
Inc.* (CA 6, 1941), 116 F2d 823; *Knoop* v. *Penn Eaton
Motor Oil Company, Inc.* (1951), 331 Mich 693.   In
line with this reasoning, the plaintiffs were not only
entitled to the money they received, but made it
abundantly clear that they were not relinquishing
their rights to the herein disputed deficiencies.

Finally the defendant contends the acceptance by
the plaintiffs of the rental payments, during the
period such payments were received, amounted to
an accord and satisfaction.   We find no merit to this

position. The oral agreement, as previously stated, was not supported by consideration. Consequently, the original lease agreement was determinative of the defendant's obligation and its tendering of checks at the reduced amount was partial payment of that which it was already contractually bound to pay. The acceptance and retention of the checks would not come within the rule of accord and satisfaction because, as this Court has stated in *Kirby* v. *Monroe Paper Products Company* (1965), 1 Mich App 680, an accord and satisfaction requires consideration. See, also, *Puett* v. *Walker, supra.*

Defendant relies on *Hoey* v. *Ross* (1915), 189 Mich 193, in support of its contention that the acceptance of the checks with the legend on the reverse side indicating it was payment in full, constituted an accord and satisfaction. The rule of *Hoey, supra,* is that acceptance and retention by a creditor of a check tendered by the debtor in satisfaction of a disputed indebtedness, accompanied by a condition to that effect, operates as an accord and satisfaction of the debtor's obligation. The distinguishing feature of *Hoey, supra,* is that the amount owing was never determined, as the parties differed as to the manner for determining the amount due, unlike the case before us which was founded on a written lease. The dispute here was whether the oral modification was for a year or for a longer period.

We conclude that the payments made by the defendant operated only as a payment *pro tanto* of its obligation and that it is accountable for the deficiencies herein claimed by the plaintiffs. See *Monroe* v. *Bixby* (1951), 330 Mich 353, and cases cited therein.

Assuming, *arguendo,* that there was consideration present, the acceptance and retention of the checks by the plaintiffs would not in any event cause the operation of the rule of accord and satisfaction.

A requisite for the operation of this rule is that there be a meeting of the minds of the parties. See *Obremski* v. *Dworzanin* (1948), 322 Mich 285; *Stadler* v. *Ciprian* (1933), 265 Mich 252; *Flanders Co.* v. *Canners' Exchange Subscribers at Warner Inter-Insurance Bureau* (1926), 235 Mich 157. In the instant case from the testimony and evidence presented at trial, there was no meeting of the minds, even by implication. This is evidenced by the correspondence between plaintiffs and defendant and further by the business records kept by the plaintiffs indicating that always during this period the defendant was considered in arrears.

It is the decision of this Court, based upon the aforementioned considerations, that the result reached by the trial court was correct.

Affirmed. Costs awarded to appellees.

FITZGERALD and J. H. GILLIS, JJ., concurred.