Geneva RUFFIN et al., Plaintiffs-Appellants,

v.

MERCURY RECORD PRODUCTIONS, INC., and Mercury Record Corporation, Defendants-Appellees.

No. 74–2127.

United States Court of Appeals, Sixth Circuit.

March 31, 1975.

---

**16.** Steelworkers v. Bouligny, Inc., *supra,* at p.153, 86 S.Ct. 272.

James Leonard Elsman, Robert E. McFarland, Elsman, Young & O'Rourke, Birmingham, Mich., for plaintiffs-appellants.

S. Lawrence Stein, Kass & Stein, Southfield, Mich., Leonard L. Levin, Chicago, Ill., for defendants-appellees.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

## PER CURIAM.

This is an appeal from an order granting defendants' motion for judgment n. o. v. in an action for breach of contract, both oral and written, brought by four young women, former members of a vocal group, the "Chalfontes," against Mercury Productions, Inc. and Mercury Record Corporation (Mercury). The district court had diversity jurisdiction and the substantive law of Michigan applies.

The case was tried before a jury which, in response to special interrogatories, determined that Mercury had not breached the written recording contract but that it had breached certain oral promises allegedly made to appellants to provide them with national advertising and with singing tours in addition to its undertakings in the written agreement. A verdict of $125,000 was awarded.

After trial Mercury moved for judgment n. o. v. The district court, in granting the motion, determined without specific reference to Michigan law, that the oral promises made by Mercury's agent were unenforceable for several reasons: (1) because the agent had no authority, either express or implied, to make them on behalf of Mercury; (2) because the promises were indefinite and constituted "commercial puffing"; and (3) because they violated the parol evidence rule.

Appellants assign as error each of these determinations. They also argue that even if oral promises made before the signing of the contract are unenforceable under the parol evidence rule, Mercury's agent made similar oral promises after the contract had been signed and that these are enforceable.

We conclude that the district court was correct in holding that the parol evidence rule barred the introduction into evidence of the oral promises made before the contract was signed and precludes their enforcement. We also hold that any promises made after the contract had been signed were not supported by consideration and are, accordingly, unenforceable. Because of these determinations, we need not decide whether the agent was authorized or whether his statements were mere puffing.

■ In Michigan the parol evidence rule renders oral agreements unenforceable and precludes their admission into evidence when they add to or change a subsequent written contract that is integrated. Brady v. Central Excavators, Inc., 316 Mich. 594, 25 N.W.2d 630 (1947). In that case, the Michigan Supreme Court quoted with approval the following statement:

"The test of the completeness of the writing proposed as a contract is the writing itself. If this bears evidence

of careful preparation, of a deliberate regard for the many questions which would naturally arise out of the subject-matter of the contract, and if it is reasonable to conclude from it that the parties have therein expressed their final intentions in regard to the matters within the scope of the writing, then it will be deemed a complete and unalterable exposition of such intentions. If, on the other hand, the writing shows its informality on its face, there will be no presumption that it contains all the terms of the contract. In every case, therefore, the writing must be critically examined in the light of its surrounding circumstances, with a view of determining whether it is a memorial of the transaction."

*Id.* at 606, 25 N.W.2d at 635. There is no doubt in this case that the written agreement which set out carefully and in great detail the rights and obligations of the parties was, as a matter of law, an integrated contract. Accordingly, "all prior negotiations pertaining to that subject matter . . . [were] merged in the written contract and parol evidence is inadmissible to show that the contract does not conform with the verbal agreements made prior to its execution." *Id.* at 607, 25 N.W.2d at 635.

Any oral promises made after the contract had been signed were unenforceable because they were not supported by consideration. *E. g.*, Green v. Millman Brothers, Inc., 7 Mich.App. 450, 151 N.W.2d 860 (1967). In that case the court, in explaining the law of Michigan, stated that "[t]he general rule is that a promise to do that which the promisor is legally bound to do, or the performance of an existing legal obligation, does not constitute consideration, or sufficient consideration, for a contract." *Id.* at 455, 151 N.W.2d at 863. Appellants have not asserted any reason why this rule should not render unenforceable the oral promises made after the execution of the contract.

In their brief, appellants have charged that the trial court was prejudiced against their claim and, as evidence of its alleged bias, they point to the district court's failure to cite any authorities to support the conclusions in its order granting the motion for judgment n. o. v. It would have been helpful if the district court had stated for the assistance of the reviewing court not only the reasons for its decision but also supporting authorities therefor. We are, from our experience, sympathetically aware of the docket problems of trial courts, but we observe that the statement of reasons and authority is not only an appropriate self-discipline but also serves as a safeguard against charges of bias and arbitrariness. We have examined the entire record on appeal and find no basis for the claim of bias against appellants.

Affirmed.