BORG-WARNER ACCEPTANCE CORPORATION v DEPARTMENT
OF STATE

Docket No. 95356. Submitted November 5, 1987, at Lansing. Decided
·March 30, 1988.

The Borg-Warner Acceptance Corporation brought an action in
the Court of Claims against the Michigan Department of State
alleging breach of an implied contract based on the failure of
defendant to inform plaintiff, after defendant performed a
Uniform Commercial Code filing search at plaintiff's request, of
the existence of a prior secured party's interest in inventory in
which plaintiff took a subsequent security interest. Plaintiff
claimed damages as a result of a breach of an implied contrac-
tual duty to furnish a search strictly in accordance with plain-
tiff's request and the statutory certification requirements. The
Court of Claims, Peter D. Houk, J., found in favor of the
plaintiff and entered a judgment in the amount of $42,733.
Defendant appealed.

The Court of Appeals *held:*

1. Plaintiff successfully pled and established a nontort cause
of action. Where a plaintiff specifically pleads and establishes a
nontort cause of action, governmental immunity will not bar
recovery simply because the underlying facts also could have
established a tort cause of action.

2. The preexisting duty doctrine is inapplicable on the facts
of the instant case.

3. Consideration was not lacking. Defendant's performance
was induced by plaintiff's promise to pay a fee. The parties'
actions manifested mutual assent.

4. The trial court did not clearly err in finding that a
contractual relationship existed between the parties.

Affirmed.

1. GOVERNMENTAL IMMUNITY — PLEADING.

Governmental immunity will not bar recovery where a plaintiff

REFERENCES

Am Jur 2d, Contracts §§ 10 *et seq.*

Am Jur 2d, States, Territories and Municipalities §§ 99 *et seq.*

See the Index to Annotations under Contracts; Governmental Im-
munity or Privilege.

specifically pleads and establishes a nontort cause of action simply because the underlying facts also could have established a tort cause of action.

2. CONTRACTS — ELEMENTS OF A CONTRACT — EXPRESS CONTRACTS — IMPLIED CONTRACTS.

The essential elements of a contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement and mutuality of obligation; the essential elements for the establishment of an express or an implied contract are identical, the only difference is the character of the evidence necessary to establish the contract.

3. CONTRACTS — MUTUALITY.

Mutual assent to a contract exists where each party either makes a promise or begins or renders performance.

*Foster, Swift, Collins & Coey, P.C.* (by *Philip T. Carter* and *Glen A. Schmiege*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Clive D. Gemmill,* Assistant Attorney General, for defendant.

Before: CYNAR, P.J., and SAWYER and J. A. GILLIS,* JJ.

PER CURIAM. Defendant appeals as of right from a judgment of the Court of Claims in favor of plaintiff in the amount of $42,733 for breach of an implied contract. The breach arose out of the failure of defendant to inform plaintiff, after a Uniform Commercial Code filing search, of the existence of a prior secured party's interest in inventory in which plaintiff took a subsequent security interest. We affirm.

The facts are not in dispute. Plaintiff is a finance company engaged in, among other activities, the financing of inventory purchased by appliance and furniture dealers. In this capacity, plain-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

tiff and the Anmar Corporation, doing business as the New Ralston of Lansing, entered into an agreement whereby plaintiff agreed to finance Anmar's purchase of inventory in exchange for Anmar's grant of a security interest in that inventory.

Prior to providing Anmar with the necessary financing, plaintiff requested by mail a Uniform Commercial Code filing search from defendant. Plaintiff made this request on March 6, 1981. Defendant performed the search and mailed its findings to plaintiff. Plaintiff paid a fee for defendant's services.

Thereafter, plaintiff notified all parties appearing on the certificate supplied by defendant of its intent to acquire a purchase money security interest in the inventory purchased by Anmar. Plaintiff, however, did not notify Michigan National Bank—Dearborn because the certificate failed to disclose that MNB had filed notice of its security interest in Anmar's inventory on November 26, 1980. Plaintiff proceeded to extend $42,733 in credit to Anmar.

Anmar subsequently defaulted on its obligation to MNB. The bank seized the inventory financed by plaintiff and turned it over to the United States Small Business Administration for sale to satisfy a debt Anmar owed to MNB that had been guaranteed by the Small Business Administration. Anmar's debt to plaintiff remains unpaid.

In its amended complaint filed on October 9, 1985, plaintiff claimed $42,733 in damages as a result of a breach of "an implied contractual duty to furnish a search strictly in accordance with [plaintiff's] request, and the certification." Defendant argues that the amended complaint was merely an attempt to circumvent the effects of governmental tort immunity and, therefore, failed

to state a cause of action. *Spruytte v Dep't of Corrections,* 82 Mich App 145, 147; 266 NW2d 482 (1978). Defendant neglects to point out, however, that where a plaintiff specifically pleads and establishes a nontort cause of action, governmental immunity will not bar recovery simply because the underlying facts also could have established a tort cause of action. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 647-648; 363 NW2d 641 (1984). We believe that plaintiff did successfully plead and establish a nontort cause of action.

The essential elements of a contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement and mutuality of obligation. *Johnson v Douglas,* 281 Mich 247; 274 NW 780 (1937). The elements requisite for the establishment of an implied contract are identical. The only difference is the character of the evidence necessary to establish the contract. *Van Rensselaer v General Motors Corp,* 223 F Supp 323, 329 (ED Mich, 1962), aff'd 324 F2d 354 (CA 6, 1963), cert den 377 US 959 (1964), reh den 379 US 874 (1964), reh den 379 US 951 (1964).

Defendant argues that plaintiff's contractual claim must fail due to a lack of bargained-for consideration. Defendant premises its argument on the preexisting duty rule. *Green v Millman Brothers, Inc,* 7 Mich App 450, 455; 151 NW2d 860 (1967), lv den 379 Mich 786 (1967). We note a growing doubt in the soundness of this doctrine. It should never be used as a major premise of a decision without careful thought to the circumstances of a particular case, to the moral postures of the parties, and to the social feelings and interests that are involved. 1A Corbin, Contracts, § 171, p 105. Upon careful consideration, we believe the doctrine to be inapplicable on the facts of the instant case.

1 Restatement Contracts, 2d, §.71, p 172 provides:

> (1) To constitute consideration, a performance or a return promise must be bargained for.
>
> (2) A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.

Moreover, as explained in the Restatement:

> In the typical bargain, the consideration and the promise bear a reciprocal relation of motive or inducement: the consideration induces the making of the promise and the promise induces the furnishing of the consideration. Here, as in the matter of mutual assent, the law is concerned with the external manifestation rather than the undisclosed mental state: it is enough that one party manifests an intention to induce the other's response and to be induced by it and that the other responds in accordance with the inducement. [*Id.,* comment b, p 173.]

In the instant case, the obligation of defendant is controlled by statute. MCL 440.9407; MSA 19.9407 provides:

> (1) If the person filing a financing statement, termination statement, statement of assignment, or statement of release, furnishes the filing officer a copy thereof, the filing officer shall upon request note upon the copy the file number and date and hour of the filing of the original and deliver or send the copy to the person.
>
> (2) Upon request of any person, the filing officer shall issue his certificate showing whether there is on file on the date and hour stated therein, any presently effective financing statement naming a particular debtor and any statement of assignment

thereof and if there is, giving the date and hour of filing of each such statement and the names and addresses of each secured party therein. The uniform fee for a certificate shall be $3.00 if the request for the certificate is in the standard form prescribed by the secretary of state and otherwise shall be $6.00. Upon request the filing officer shall furnish a copy of a filed financing statement or statement of assignment for a uniform fee of $1.00 per page. The secretary of state shall charge an additional fee of $25.00 if a person requests expediting of the regular search process. The secretary of state shall promulgate rules pursuant to Act No. 306 of the Public Acts of 1969, as amended, being sections 24.201 to 24.315 of the Michigan Compiled Laws, to define what constitutes expediting of the regular search process.

From the plain language of the statute, defendant is obligated to perform a search and issue a certificate in exchange for a fee. The amount of the fee varies, in part, based on the costs incurred by defendant in securing the information sought. The statute does not contain a provision allowing for waiver of the fee. Moreover, as testimony of one of defendant's employees revealed, when the fee to be charged exceeds $100, defendant contacts the party requesting the search to secure assurances of fee payment. We, therefore, conclude that defendant's performance was induced by plaintiff's promise to pay a fee. Consideration was not lacking.

Defendant also argues that plaintiff's contract claim must fail for lack of mutual assent. We disagree.

Mutual assent exists where each party either makes a promise or begins or renders performance. 1 Restatement Contracts, 2d, § 18, p 53. In the instant case, defendant promised to conduct a search and issue a certificate. Plaintiff promised to

pay defendant for the search and the certificate. Both parties performed as promised. Therefore, we find that the parties' actions manifested mutual assent.

Finally, defendant argues that the trial court's finding that a contractual relationship existed between the parties was unsupported by the proofs offered at trial. On our review of the proofs, we cannot conclude that the trial court's finding was clearly erroneous. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

Affirmed.

J. A. GILLIS, J., did not participate.