■ JAMES FAFOUTIS, Respondent, v LLOYD LYONS et al., Appellants.—In an action to enforce an oral promise, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated May 15, 1987, as denied their cross motion to dismiss the complaint as barred by either the Statute of Limitations or the Statute of Frauds.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed, and the defendants' counterclaim against the plaintiff is severed.

According to the complaint, the plaintiff James Fafoutis, entered into a partnership with the defendant, Lloyd Lyons, in August 1972. The partnership was dissolved in December 1972 and, in early 1973, an informal accounting was rendered by Lloyd Lyons indicating that the plaintiff was entitled to the sum of $16,000. The present action was commenced in September 1983.

In February 1987, the defendants made a motion, which although characterized as one for summary judgment (CPLR 3212), was, in substance, to dismiss the complaint pursuant to CPLR 3211 (a) (5), based on the affirmative defenses of the Statute of Frauds and the Statute of Limitations. In support of this motion, the defendants argued that the plaintiff's cause of action accrued in 1972, and is governed by a six-year Statute of Limitations (CPLR 213). The latter of these assertions was not disputed by the plaintiff's attorney in his affirmation in opposition. It was instead argued by the plaintiff's attorney that, in 1977, both the defendant Lloyd Lyons and his wife, the codefendant Geraldine Lyons, made independent promises to pay the plaintiff $16,000, if the plaintiff were to forbear from suing until the occurrence of a particular contingency in 1980. Concluding that the plaintiff's cause of action did not accrue until 1980, upon the occurrence of the contingency referred to above, the Supreme Court denied the motion to dismiss the complaint. This appeal followed.

The oral promise to pay $16,000 to the plaintiff, allegedly

made by defendant Lloyd Lyons in 1977, cannot be viewed as part of the formation of a valid independent contract. A promise to comply with a preexisting legal duty is not adequate consideration upon which a valid contract may be based *(see, Goncalves v Regent Intl. Hotels,* 58 NY2d 206; *Tender Loving Care Agency v Hladun,* 111 AD2d 162, 163; 21 NY Jur 2d, Contracts, § 100, at 513). "A covenant to do what one is already under a legal obligation to do is not sufficient consideration for another contract" *(Ripley v International Rys.,* 8 NY2d 430, 441, citing *Carpenter v Taylor,* 164 NY 171; *see also,* 1 Williston, Contracts § 132, at 557-563 [3d ed 1961]). It is manifest from the plaintiff's complaint, and it is nowhere contradicted in the plaintiff's affidavits, that the 1977 promise allegedly made by Mr. Lyons constituted a promise to do that which, according to the plaintiff, Mr. Lyons was already legally bound to do, namely, to pay $16,000.

Since the codefendant Geraldine Lyons had no preexisting duty to pay $16,000, the promise to do so allegedly made by her in 1977 arguably constitutes valid consideration for the plaintiff's promise to forbear from suing Lloyd Lyons. However, her alleged oral promise in this regard clearly constitutes a promise to answer for the debt of Lloyd Lyons, and thus is unenforceable pursuant to the Statute of Frauds (General Obligations Law § 5-701 [a] [2]), since there is no proof that the consideration represented by the plaintiff's alleged promise to forbear from suing was beneficial to herself *(see, Martin Roofing v Goldstein,* 60 NY2d 262, 266). Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.