BORG-WARNER ACCEPTANCE CORPORATION v
DEPARTMENT OF STATE

Docket No. 83010. Argued May 1, 1989 (Calendar No. 3). Decided
August 1, 1989.

Borg-Warner Acceptance Corporation brought an action in the
Court of Claims against the Michigan Department of State,
alleging breach of contract and seeking damages resulting from
the department's failure to disclose any effective financing
statements naming a particular debtor. The court, Peter D.
Houk, J., entered judgment for the plaintiff, finding that a
contract had been formed between the state and the plaintiff.
The Court of Appeals, CYNAR, P.J., and SAWYER, J. (J. A. GILLIS,
J., not participating), affirmed in an opinion per curiam, hold-
ing that consideration was not lacking because the state's
performance was induced by the plaintiff's promise to pay a fee
(Docket No. 95356). The defendant appeals.

In a unanimous opinion by Justice BRICKLEY, the Supreme
Court *held:*

A prospective creditor who requests the Secretary of State to
perform a filing search for effective financing statements nam-
ing a particular debtor may not recover damages for breach of
contract for loss sustained as a result of a failure to identify a
creditor with a prior security interest in the debtor's property.
Neither a state agent's performance or promise to perform
specific acts which the agent is obligated by statute to under-
take nor the payment of a nominal, statutorily determined fee
for such performance constitutes sufficient consideration to
support an express or implied contract.

1. The promise to pay a fee required by MCL 440.9407; MSA
19.9407 for a Uniform Commercial Code filing search does not
induce the performance of the search. Once a request for a
filing search is made, the filing officer has no choice but to
comply with the request and perform certain specific acts
required by the statute. Rather, the performance is compelled
by state law. The fee assessed is not bargained-for considera-

REFERENCES

Am Jur 2d, Secured Transactions § 435.
See the Index to Annotations under Secured Transactions; States.

tion, and is insufficient to convert the transaction into a contract. Mutual assent by the parties is lacking because the Secretary of State is not legally capable of declining to perform the search or otherwise altering the basic nature of the duty; nor may the party requesting the search choose not to pay the required fee. The transaction between the parties with respect to the exchange of money for services is wholly devoid of free and open bargaining, the hallmark of contractual relationships.

2. In this case, on the basis of established principles of contract law, no contract was formed between the parties.

Reversed.

169 Mich App 587; 426 NW2d 717 (1988) reversed.

SECURED TRANSACTIONS — CONTRACTS — FILING SEARCHES — FAILURE TO IDENTIFY CREDITORS.

A prospective creditor who requests the Secretary of State to perform a filing search for effective financing statements naming a particular debtor may not recover damages for breach of contract for loss sustained as a result of a failure to identify a creditor with a prior security interest in the debtor's property; neither a state agent's performance or promise to perform specific acts which the agent is obligated by statute to undertake nor the payment of a nominal, statutorily determined fee for such performance constitutes sufficient consideration to support an express or implied contract (MCL 440.9407; MSA 19.9407).

*Foster, Swift, Collins & Coey, P.C.* (by *Philip T. Carter, Lawrence B. Lindemer, James E. Lozier,* and *Glen A. Schmiege*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *A. Michael Leffler, Clive D. Gemmill,* and *David W. Swan,* Assistant Attorneys General, for the defendants.

BRICKLEY, J. This case of first impression presents the question whether a prospective creditor, who requests the Secretary of State to perform a filing search pursuant to MCL 440.9407; MSA 19.9407 (UCC 9-407) for effective financing statements naming a particular debtor, may recover damages from the state for breach of contract

when the certificate issued to the plaintiff following the search fails to identify a creditor with a prior security interest in the debtor's property and the plaintiff sustains a loss as a result. We find that neither a state agent's performance or promise to perform specific acts which the agent is obligated by statute to undertake, nor the plaintiff's payment of a nominal, statutorily determined fee for such performance constitutes sufficient consideration to support an express or implied contract. We therefore hold that no contract was formed between the Secretary of State and plaintiff and reverse the Court of Appeals affirmance of the trial court's award of damages.

I

Plaintiff Borg-Warner Acceptance Corporation financed the purchase of inventory for debtor Anmar Corporation. Before doing so, plaintiff sent a request for a Uniform Commercial Code filing search to the Secretary of State, asking in particular for "any presently effective financing statement" naming Anmar. The search certificate returned to plaintiff listed two prior filings, but failed to disclose that Michigan National Bank—Dearborn had also filed a financing statement against Anmar. Plaintiff paid the statutory fee ($9) for the search. Borg-Warner then notified both listed parties, but not Michigan National, of its intent to obtain a purchase money security interest in the inventory to be purchased by Anmar[1] and extended $42,733 in credit to Anmar to finance the purchases. Subsequently, Michigan National seized Anmar's inventory to satisfy an outstanding debt. The indebtedness of Anmar to plaintiff remains unpaid.

---

[1] See MCL 440.9312(3); MSA 19.9312(3) (UCC 9-312[3]).

The trial court found that a contract had been formed between the state and plaintiff, rejecting the state's arguments alleging an absence both of consideration and of mutual assent. A judgment against the state was entered in the amount of $42,733. On appeal, the Court of Appeals affirmed the judgment of the trial court. *Borg-Warner Acceptance Corp v Dep't of State,* 169 Mich App 587; 426 NW2d 717 (1988). The Court held that consideration was not lacking because the state's performance "was induced by plaintiff's promise to pay a fee." *Id.,* p 592. We granted leave to appeal. 431 Mich 905 (1988).

II

In *Rocco v Dep't of Mental Health,* decided sub nom *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 645-648; 363 NW2d 641 (1984), we rejected a governmental agency's argument that the plaintiff's contract claim should be dismissed because it merely restated allegations contained in the plaintiff's tort claims, from which the governmental defendants were immune under MCL 691.1407; MSA 3.996(107). *Id.,* p 647. We observed that nontort causes of action are not barred by immunity *if* a plaintiff successfully pleads and establishes such a cause of action. *Id.* We turn now to the question whether plaintiff has in fact established a contract claim.

III

At the time the search was performed, MCL 440.9407; MSA 19.9407 provided:

(1) If the person filing a financing statement, termination statement, statement of assignment,

or statement of release, furnishes the filing officer a copy thereof, the filing officer shall upon request note upon the copy the file number and date and hour of the filing of the original and deliver or send the copy to the person.

(2) Upon the request of any person, the filing officer shall issue his certificate showing whether there is on file on the date and hour stated therein, any presently effective financing statement naming a particular debtor and any statement of the assignment thereof and if there is, giving the date and hour of filing of each such statement and the names and addresses of each secured party therein. The uniform fee for a certificate shall be $3.00 if the request for the certificate is in the standard form prescribed by the secretary of state and otherwise shall be $6.00. Upon request the filing officer shall furnish a copy of a filed financing statement or statement of assignment for a uniform fee of $1.00 per page. The secretary of state shall charge an additional fee of $25.00 if a person requests expediting of the regular search process. The secretary of state shall promulgate rules pursuant to Act No. 306 of the Public Acts of 1969, as amended, being sections 24.201 to 24.315 of the Michigan Compiled Laws, to define what constitutes expediting of the regular search process.

We agree with the Court of Appeals observation that the fee assessed for a filing search is variable and may be proportionate to some extent to the costs incurred in compiling the requested information. We disagree, however, with the Court's conclusion that the plaintiff's promise to pay a fee "induced" the performance of the filing search. As the statute makes clear, once a request for a filing search is made, the filing officer has no choice but to comply with the request and perform certain specific acts required by statute. This performance

is not induced by the promise to pay a fee, but rather compelled by the laws of our state. As explained by Professor Williston,

> If a promisee is already bound by official duty to render a service, it is no detriment to him, and no benefit to the promisor beyond what the law requires the promisee to suffer or to give, for him to do or agree to do the service on request. Though the previous legal duty does not run to the promisor under the later agreement, it runs to the public of which the promisor is a member, and as such he has a right, even if not one enforceable at law, to the performance in question. Therefore, no contract can be based on such consideration. [1 Williston, Contracts (3d ed), § 132, p 557.][2]

See also 1A Corbin, Contracts, § 180, p 137. Compare, e.g., *Fafoutis v Lyons,* 149 AD2d 565; 540 NYS2d 20 (1989) (a subsequent promise to pay $16,000 by a partner of a dissolved partnership, who was already bound to pay the plaintiff that amount on the basis of a prior accounting, was not adequate consideration upon which a valid contract could be based).

By the same token, the fee assessed against and paid by the plaintiff, said to have "induced" the performance of the filing search, was itself not bargained-for consideration; the statute required the Secretary of State to demand, and the plaintiff to pay, a certain fee, no more and no less, for the performance of the search (which in turn was required to be undertaken upon request). We thus reject the plaintiff's claim that the obligatory payment of a nominal fee for specific and mandatory acts by governmental agents is sufficient to

---

[2] The plaintiff does not assert that the Secretary of State offered, promised, or agreed to perform services above and beyond those required by law.

convert the transaction at issue here into a contract.[3]

We further agree with the state's argument that mutual assent by the parties is lacking. The Secretary of State was not legally capable of declining to perform the search or otherwise altering the basic nature of its duty; nor could the plaintiff have chosen not to pay the required fee. The transaction between the parties with respect to the "exchange" of money for services was wholly devoid of free and open bargaining, the hallmark of contractual relationships.[4]

---

[3] The Court of Appeals discerned a "growing doubt" in the soundness of the preëxisting-duty rule and declined to apply that rule in the instant case. *Borg-Warner, supra,* p 590. As the plaintiff correctly observes, it is necessary to distinguish between a preëxisting contractual duty and a duty imposed by statute. The preëxisting-duty rule in the former case has historically been applied to bar a modification of an existing contractual relationship between two parties when the purported consideration for the modification consists of the performance or promise to perform that which one party was already required to do under the terms of the existing agreement. The Court of Appeals reference to *Green v Millman Bros, Inc,* 7 Mich App 450, 455; 151 NW2d 860 (1967), lv den 379 Mich 786 (1967), indicates that the Court was reluctant to apply *this* rule, which has been criticized because it bars not only modifications which are obtained by coercion (through a party's threat not to perform that which is already contractually required), but also those which are the product of free bargaining and thus do not embody a coerced promise of extra compensation. See Nathan, *Grappling with the preëxisting duty rule: A proposal for a statutory amendment,* 23 American Business L J 509, 512-513 (1986).

The preëxisting-duty rule as applied to modifications of existing contracts is not called into play in the instant case. While we agree with the plaintiff that there was no prior *contractual* relationship between the parties, we reject the plaintiff's argument that it was owed *no* duty by the Secretary of State. As suggested by Williston in the passage quoted above, the Secretary of State was statutorily obligated to the public in general, of which plaintiff was a member, to perform filing searches on request.

[4] While we find that plaintiff's claim fails under established principles of contract law, we note that as a matter of public policy, it would be unwise to recognize the creation of a contractual relationship every time the Secretary of State is requested to perform a filing search. The centralized filing system created by the Legislature is the foundation of the free and efficient flow of credit within the state. It is

IV

Although this issue has not previously been presented to us, we are persuaded on the basis of established principles of contract law that no contract was formed between the parties and reverse the judgment of the Court of Appeals.

RILEY, C.J., and LEVIN, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred with BRICKLEY, J.

---

an integral and essential part of the regulatory scheme embodied in Michigan's version of the Uniform Commercial Code.