NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0756n.06
Filed: October 24, 2007

No. 06-2127

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PLANTE AND MORAN CRESA, L.L.C., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KAPPA ENTERPRISES, L.L.C.; FLAGSTAR | ) | EASTERN DISTRICT OF MICHIGAN |
| BANK; UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: COLE and COOK, Circuit Judges; and FROST, District Judge.[*]

PER CURIAM. Plaintiff Plante & Moran Cresa, LLC ("P&MC") originally brought this

action in state court, alleging various state-law claims of breach of contract, unjust enrichment, and

foreclosure of a construction lien against Kappa Enterprises, LLC. P&MC seeks $105,000 in

additional compensation for the consulting services it provided following flooding and construction

delays at Kappa's Hawthorne Suites Hotel, claiming this work went above and beyond the parties'

---

[*]The Honorable Gregory L. Frost, United States District Judge for the Southern District of
Ohio, sitting by designation.

original contract.  Because Flagstar Bank and the United States Small Business Administration held

mortgages against the hotel, Michigan law required P&MC to add them as defendants.  Mich. Comp.

Laws § 570.1117(4).  After the Small Business Administration removed the case to federal district

court, 28 U.S.C. § 1444, Kappa and Flagstar moved for summary judgment.  The district court

granted summary judgment in favor of the defendants, concluding that under the preexisting duty

rule P&MC's contract obligated it to provide—at the agreed contract price—the services for which

it seeks the additional compensation, and that P&MC's unjust enrichment claim failed in light of the

written contract governing the transaction.

After reviewing the record, the applicable law, and the parties' briefs, and having had the

benefit of oral argument, we find no error in the district court's grant of summary judgment.  *See*

*Plante & Moran Cresa, LLC v. Kappa Enters., LLC*, No. 05-60112, 2006 WL 1676411 (E.D. Mich.

June 9, 2006).  The district court correctly explained why the preexisting duty rule bars P&MC's

claims and we adopt its explanation of that bar.  In response to P&MC's stance that the preexisting

duty rule lacks the requisite vitality to steer the grant of summary judgment, we add the following

discussion to our adoption of the district court's opinion.

P&MC questions grounding this decision on the preexisting duty rule in light of the

skepticism of the Michigan Court of Appeals in *Borg-Warner Acceptance Corp. v. Dep't of State*,

426 N.W.2d 717, 719 (Mich. Ct. App. 1988), *rev'd on other grounds*, 444 N.W.2d 786 (Mich.

1989), "not[ing] a growing doubt in the soundness of this doctrine."  *Borg-Warner* suggested that

the rule "should never be used as a major premise of a decision without careful thought to the circumstances of a particular case, to the moral postures of the parties, and to the social feelings and interests that are involved." *Id.* (citing 1A Corbin on Contracts § 171, at 105). That one Michigan state court expresses the view that it and other Michigan courts should reevaluate a particular state-law doctrine cannot be labeled "controlling Michigan law." Appellant's Br. at 21. In fact, when *Borg-Warner* reached Michigan's highest court, that court, though recognizing the lower court's distaste for the rule, concluded that the "preexisting-duty rule as applied to modifications of existing contracts is not called into play" and instead resolved the case on a preexisting statutory duty. 444 N.W.2d at 788 & n.3. At most, *Borg-Warner* left the question for another day.

By all accounts, the Michigan Supreme Court answered that question when it later cited its opinion in *Borg-Warner* for the proposition that the preexisting duty "rule bars the modification of an existing contractual relationship when the purported consideration for the modification consists of the performance or promise to perform that which one party was already required to do under the terms of the existing agreement." *Yerkovich v. AAA*, 610 N.W.2d 542, 546 (Mich. 2000) (citing *Borg-Warner*, 444 N.W.2d at 788 n.3). Despite criticism of the rule, *e.g.*, *Angel v. Murray*, 322 A.2d 630, 634–37 (R.I. 1974), Michigan courts continue to cite *Yerkovich* positively, *e.g.*, *46th Circuit Trial Court v. Crawford County*, 719 N.W.2d 553, 568 (Mich. 2006). "In deciding questions of state

No. 06-2127
*Plante & Moran Cresa, LLC v. Kappa Enters., LLC, et al.*

law . . . we follow the pronouncements of the state courts." *United Servs. Auto. Ass'n v. Barger*, 910 F.2d 321, 325 (6th Cir. 1990).[1]

Accordingly, we affirm.

---

[1]Michigan's law provides a path around the preexisting duty rule in certain circumstances. If parties to a contract consider modification mutually beneficial, such an agreement will not fail for lack of consideration provided the agreement is in writing and signed by the party against whom enforcement is sought. *See* Mich. Comp. Laws § 566.1 (stating that "[a]n agreement hereafter made to change or modify . . . any contract . . . shall not be invalid because of the absence of consideration [if] the agreement changing . . . such contract [is] in writing and signed by the party against whom it is sought to enforce the change"). But P&MC has come forward with no writing signed by Kappa evidencing the alleged modification. *Cf. Adell Broad. Co. v. Apex Media Sales, Inc.*, 708 N.W.2d 778, 782 (Mich. Ct. App. 2005) ("In this case, the parties waived certain terms of their original agreement in a signed writing. In doing so, the parties considered the changes to their advantage.").