# STATE OF MICHIGAN

# COURT OF APPEALS

JACOB HOUSER,

      Plaintiff-Appellee,

v

TECUMSEH PUBLIC SCHOOLS,

      Defendant-Appellant,

and

NACHT, ROUMEL, SALVATORE,
BLANCHARD & WALKER, PC, also known as
NACHT & ASSOCIATES, PC, and NICHOLAS
ROUMEL,

      Defendants.

UNPUBLISHED
September 17, 2015

No. 321357
Wayne Circuit Court
LC No. 13-005006-CK

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

      Defendant Tecumseh Public Schools (Tecumseh) appeals as of right the trial court's order denying Tecumseh's motion for summary disposition. Plaintiff, who was employed for a time by Tecumseh as a probationary teacher and football coach, initiated this action claiming that Tecumseh breached a contract between them under which Tecumseh agreed to accept plaintiff's resignation and expunge records reflecting certain negative evaluations and allegations against plaintiff in lieu of terminating him. Tecumseh also agreed to provide a limited and neutral response to any inquiries into his performance. Plaintiff later applied for another position at another school, which declined to hire plaintiff after contacting Tecumseh and receiving negative information about him. Tecumseh contends in relevant part[1] that it is entitled to immunity. We

---

[1] We do not address Tecumseh's argument that plaintiff released his claim against Tecumseh, because doing so would exceed the scope of Tecumseh's instant appeal of right, which is premised on the denial of immunity. *Costa v Cmty Emergency Med Services, Inc*, 263 Mich App

-1-

agree, and we therefore reverse and remand for entry of an order granting summary disposition to Tecumseh pursuant to MCR 2.116(C)(7).

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Under MCR 2.116(C)(7), where the claim is allegedly barred, the trial court must accept as true the contents of the complaint, unless they are contradicted by documentary evidence submitted by the moving party. *Id*. at 119. If the alleged basis for the claim being barred is immunity, "the plaintiff must allege facts warranting the application of an exception to [the] immunity." *Smith v Kowalski*, 223 Mich App 610, 616; 567 NW2d 463 (1997).

Tecumseh first argues that the trial court erred by concluding that it was not entitled to immunity under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*. We disagree. Tecumseh's argument is that despite plaintiff's presentation of this action as being for breach of contract, it is in substance an artfully-worded claim of tortious interference with a business relationship. The trial court correctly recognized "that we are not bound by a party's choice of labels because this would effectively elevate form over substance." *Adams v Adams*, 267 Mich App 704, 715; 742 NW2d 399 (2007). However, we disagree with Tecumseh's interpretation of plaintiff's complaint, which we find adequately articulates a claim of breach of contract. The fact that it could conceivably be restated as a tort is immaterial, and consequently the GTLA is inapplicable. *Borg-Warner Acceptance Corp v Dept of State*, 433 Mich 16, 19; 444 NW2d 786 (1989) (citations omitted); see also *In re Bradley Estate*, 494 Mich 367, 389; 835 NW2d 545 (2013).

Tecumseh further argues that it is entitled to immunity under MCL 380.1230b. With that assertion we agree. In pertinent part, MCL 380.1230b provides:

> (1) Before hiring an applicant for employment, a school district . . . shall request the applicant for employment to sign a statement that does both of the following:
>
> (a) Authorizes the applicant's current or former employer or employers to disclose to the school district . . . any unprofessional conduct by the applicant and to make available to the school district . . . copies of all documents in the employee's personnel record maintained by the current or former employer relating to that unprofessional conduct.
>
> (b) Releases the current or former employer, and employees acting on behalf of the current or former employer, from any liability for providing information described in subdivision (a), as provided in subsection (3) . . .
>
> * * *

---

572, 583; 689 NW2d 712 (2004) (explaining that MCR 7.203(A)(1) limits the scope of an appeal of right based on denial of immunity to those issues related to the claim of immunity).

(3) Not later than 20 business days after receiving a request under subsection (2), an employer shall provide the information requested and make available to the requesting school district . . . copies of all documents in the employee's personnel record relating to the unprofessional conduct. *An employer, or an employee acting on behalf of the employer, that discloses information under this section in good faith is immune from civil liability for the disclosure. An employer, or an employee acting on behalf of the employer, is presumed to be acting in good faith at the time of a disclosure under this section unless a preponderance of the evidence establishes 1 or more of the following*:

(a) That the employer, or employee, knew the information disclosed was false or misleading.

(b) That the employer, or employee, disclosed the information with a reckless disregard for the truth.

(c) That the disclosure was specifically prohibited by a state or federal statute.

* * *

[(8)](b) "Unprofessional conduct" means 1 or more acts of misconduct; 1 or more acts of immorality, moral turpitude, or inappropriate behavior involving a minor; or commission of a crime involving a minor. A criminal conviction is not an essential element of determining whether or not a particular act constitutes unprofessional conduct. [Emphasis added.]

As used in MCL 380.1230b(8)(b), "misconduct" is limited to behavior "evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee," or careless or negligent conduct "of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." *Mino v Clio Sch Dist*, 255 Mich App 60, 70-71; 661 NW2d 586 (2003) (quoting *Carter v Employment Security Comm*, 364 Mich 538, 541, 111 NW2d 817 (1961)) (quotation marks omitted).

As an initial matter, the trial court's denial of summary disposition was based in part on the parties' contract specifying the expungement of certain records from his personnel file, as distinct from the disclosure of information. MCL 380.1230b(6) specifically explains that school districts are not prohibited from expunging "information about alleged unprofessional conduct that has not been substantiated." The parties' agreement included an acknowledgement "that there has not been a hearing in which professional conduct [sic][2] has been substantiated." The trial court therefore concluded, appropriately, that it was possible that Tecumseh violated a contractual provision obligating it to expunge records even if MCL 380.1230b shielded it from

_____

[2] From context, it is clear that this was intended to refer to *mis*conduct.

liability for disclosing information. The distinction is valid, but plaintiff's complaint makes it clear that the harm he suffered was due to the disclosure of information; while there is some logic to the position that Tecumseh could not disclose what it did not possess, the mere fact that it retained files could not have harmed plaintiff in the absence of their disclosure.

Consequently, plaintiff's argument primarily focuses on whether the information disclosed by Tecumseh to Plymouth-Canton was properly released pursuant to MCL 380.1230b. In particular, plaintiff argues that because any misconduct was unsubstantiated, Tecumseh was not obligated to disclose it. Plaintiff also argues that the allegations did not constitute "unprofessional conduct" as it is defined in the statute in any event. We need not decide whether plaintiff's conduct was, in fact, "unprofessional conduct" or "professional misconduct" or any other similar conceptual formulation, because MCL 380.1230b(3) provides immunity to Tecumseh and its employees so long as they disclosed the information about plaintiff "in good faith." It is statutorily presumed that they were acting in good faith at the time of the disclosure *unless* plaintiff can prove by a preponderance of the evidence that they (1) "knew the information disclosed was false or misleading," (2) "disclosed the information with a reckless disregard for the truth," or (3) "the disclosure was specifically prohibited by a state or federal statute." MCL 380.1230b(3).

To avoid the presumption of good faith, plaintiff could not merely contend that he *might* discover evidence that Tecumseh or its employees lacked good faith. *VanVorous v Burmeister*, 262 Mich App 467, 478; 687 NW2d 132 (2004). Although plaintiff's complaint alleged that the allegations against plaintiff in his Tecumseh personnel records did not "constitute 'unprofessional conduct' as defined in MCL 380.1230b(8)(b)," the complaint contains no allegation that Tecumseh or its employees acted in bad faith when disclosing plaintiff's personnel records because (1) they knew the information disclosed was false or misleading, (2) they disclosed the information with a reckless disregard for the truth, or (3) the disclosure was specifically prohibited by statute. On the contrary, Tecumseh has produced documentary evidence indicating that it believed the allegations against plaintiff were true and could be substantiated at a formal hearing, and the parties' agreement even specified as such. Furthermore, we note that the allegations include claims that plaintiff engaged in racial bigotry, incompetence, use of profanity in the presence of students, and threats of physical violence against a student, which we believe are serious enough that, irrespective of whether they *are* "unprofessional conduct," it is not obviously bad faith for Tecumseh to believe that they are.

Tecumseh was therefore entitled to immunity based on the statutory presumption of good faith alone because it produced evidence that it acted in good faith while plaintiff failed to meet his burden of producing evidence that Tecumseh lacked good faith. See *Reed v Breton*, 475 Mich 531, 548-549; 718 NW2d 770 (2006). Accordingly, the trial court erred by denying summary disposition to Tecumseh under MCR 2.116(C)(7). Even viewing the well-pleaded allegations in plaintiff's complaint in the light most favorable to plaintiff, as the nonmoving

-4-

party, plaintiff failed to allege any facts indicating that Tecumseh was not entitled to the statutory presumption that it acted in good faith under MCL 380.1230b(3).

We reverse and remand to the trial court for entry of an order granting summary disposition to Tecumseh under MCR 2.116(C)(7). We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens