*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DORIS COLLINS, and all others similarly situated, ROBIN PLEASANT, JASON PHINSEE, LEE MCDONALD, and CONLEY COLLISION, INC.,

Plaintiffs-Appellants,

v

CITY OF FLINT,

Defendant-Appellee.

UNPUBLISHED
August 22, 2019

No. 345203
Genesee Circuit Court
LC No. 16-106077-CZ

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

In this class-action lawsuit arising out of the Flint water crisis, plaintiffs Doris Collins, on behalf of herself and all others similarly situated, along with Robin Pleasant, Jason Phinsee, Lee McDonald, and Conley Collision, Inc., appeal the trial court's order granting summary disposition to defendant, the city of Flint. On appeal, plaintiffs argue that the trial court erred when it granted summary disposition under MCR 2.116(C)(8) on their unjust enrichment claim. In light of the newly established principles of unjust enrichment set forth in our Supreme Court's decision, *Genesee Co Drain Comm'r v Genesee Co*, ___ Mich ___; ___ NW2d ___ (2019) (Docket No. 156579), we reverse and remand for further proceedings.

## I. BACKGROUND

In 2014, the city of Flint changed their water source from the city of Detroit to drawing water from the Flint River. The discovery that the water provided to Flint residents from the Flint River was dangerous resulted in the filing of thousands of lawsuits. The instant lawsuit was filed in 2016, alleging breach of contract, unjust enrichment, a breach of the implied warranties of fitness, a violation of the Michigan Consumer Protection Act, and conversion. Plaintiffs seek restitution for their water payments made since the 2014 transition of the city's water source. The trial court aptly summarized plaintiffs' claims as follows:

-1-

The cases at issue before this Court currently are different. There are no claims being made for personal injury or for personal injuries that might surface in the future. There are no claims being made for property damages or potential property damages. The claims being made herein are simply that the plaintiffs paid good money for bad water.

The relief plaintiffs requested included "actual damages suffered by Plaintiffs," along with "attorney fees and costs of litigation." On appeal, plaintiffs state that "Flint has used an unknown formula to credit [p]laintiffs approximately 30 million dollars," but that "[t]his case is to obtain full restitution."

In lieu of filing an answer to the complaint, defendant filed a motion for summary disposition under MCR 2.116(C)(8). The trial court granted the motion, citing caselaw standing for the propositions that contract theories are not actionable against a governmental entity in connection with a service the governmental entity had a preexisting duty to provide, and that there is no mutual assent in connection with an exchange of money for services that involves no free or open bargaining. The trial court further held that the unjust enrichment claim failed because the Michigan Supreme Court held in *Borg-Warner Acceptance Corp v Dep't of State*, 433 Mich 16; 444 NW2d 786 (1989), that the delivery of water in exchange for payment of the water bills was insufficient consideration to create an implied contract for purposes of obtaining a remedy on an unjust enrichment theory. On appeal, plaintiffs only challenge the trial court's determination as it relates to their claim for unjust enrichment. They argue that the trial court erred because it should have recognized an implied contract in law—rather than a contract implied in fact, which was the case in *Borg-Warner*—for purposes of bringing an unjust enrichment claim. Furthermore, plaintiffs argue that defendant's defense of governmental immunity fails because unjust enrichment is not barred under the Governmental Tort Liability Act.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(8). *Bedford v Witte*, 318 Mich App 60, 64; 896 NW2d 69 (2016). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. This Court reviews de novo a trial court's decision regarding a motion for summary disposition under MCR 2.116(C)(8) to determine whether the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998). In reviewing a trial court's decision on a (C)(8) motion, this Court accepts as true all factual allegations supporting the claim and reasonable inferences that may be drawn from them. *Id*.

## III. ANALYSIS

"Unjust enrichment is an equitable doctrine." *AFT Michigan v Michigan*, 303 Mich App 651, 677; 846 NW2d 583 (2014). "Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." *Id*. (quotation marks and citation omitted). "In order to sustain a claim of . . . unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity

resulting to the plaintiff because of the retention of the benefit by the defendant." *Id*. at 677-678 (quotation marks and citation omitted). Thus, "[i]t is grounded in the idea that a party shall not be allowed to profit or enrich himself inequitably at another's expense." *Genesee Co*, ___ Mich at ___; slip op at 5 (quotation marks and citation omitted). Restitution is the remedy for an unjust enrichment claim, and therefore, a claimant "may obtain a judgment for money in the amount of the defendant's unjust enrichment." *Id*. at ___; slip op at 6, quoting 2 Restatement Restitution & Unjust Enrichment, 3d § 49, p 176 (quotation marks omitted).

In this case, plaintiffs argue that they have pleaded a valid unjust enrichment claim because defendant received an inequitable benefit by accepting residents' water payments in exchange for contaminated and undrinkable water. Stated differently, plaintiffs claim defendant has inequitably profited by accepting the water payments at the expense of its residents. Defendant, however, sets forth two main arguments: (1) an unjust enrichment claim is barred on grounds of governmental immunity, and (2) even if it is not barred on such grounds, summary disposition is still appropriate because (a) there is no implied contract to serve as the basis for an unjust enrichment claim, (b) plaintiffs' unjust enrichment claim fails because there is no genuine issue of fact that defendant fulfilled its obligation to provide water service, and (c) plaintiffs' unjust enrichment claim fails because they have an adequate remedy at law and did not exhaust their administrative remedies. In light of our Supreme Court's decision in *Genesee Co*, we agree that the trial court erred when it granted summary disposition under MCR 2.116(C)(8) in favor of defendant.

## A. GOVERNMENTAL IMMUNITY

We first address defendant's argument that plaintiffs' unjust enrichment claim fails because they have not pleaded in avoidance of governmental immunity.

Our Supreme Court recently answered this very question. In *Genesee Co*, the defendant, Genesee County, served as the administrator for certain employee health insurance plans. *Genesee Co*, ___ Mich at ___; slip op at 2. After conducting an audit, the insurer, Blue Cross Blue Shield of Michigan, determined that the payment of the county's collective premiums resulted in a significant overpayment, which was then refunded back to Genesee County. *Id*. at ___; slip op at 2-3. Rather than return the overpayment to its insureds, Genesee County deposited the refund into its general fund. The plaintiff, Genesee County Drain Commissioner Jeffrey Wright, filed a lawsuit after Genesee County denied his demand for a proportionate share of the refund, claiming, *inter alia*, unjust enrichment. *Id*. at ___; slip op at 3. The issue in *Genesee Co* was whether Genesee County should be afforded governmental immunity on the plaintiff's unjust enrichment claim. *Id*. at ___; slip op at 4. Our Supreme Court set forth the rule that "unjust enrichment is a cause of action independent of tort and contract liability." *Id*. at ___; slip op at 7. Based on this rule, the Court held that the plaintiff's unjust enrichment claim was not barred on grounds of governmental immunity because the GTLA does not provide governmental immunity for "those seeking compensatory damages for breach of contract and claims seeking a remedy other than compensatory damages." *Id*. at ___; slip op at 5. Because the plaintiff was seeking a remedy other than compensatory damages, i.e., restitution, his action did not sound in tort or contract, and his claim survived summary disposition. *Id*. at ___; slip op at 10-11.

In this case, plaintiffs' claim for unjust enrichment is not barred by governmental immunity. As in *Genesee Co*, plaintiffs have alleged a claim that is neither grounded in tort nor contract in which the remedy sought is compensatory damages. Rather, plaintiffs seek restitution for their payments for water services. Therefore, defendant is not entitled to governmental immunity.

## B. UNJUST ENRICHMENT

Plaintiffs argue that the trial court ultimately erred when it held that they failed to state a claim upon which relief can be granted. In particular, plaintiffs argue that the trial court erred because it misapplied *Borg-Warner* to the facts of this case when ruling on the unjust enrichment claim. While we agree with plaintiffs regarding the trial court's application of *Borg-Warner* to this case, we further conclude that in light of *Genesee Co*, the question of whether the unjust enrichment claim involved an implied contract in law versus an implied contract in fact under *Borg-Warner* is no longer relevant.

In applying *Borg-Warner*, the trial court "held that delivery of water in exchange for payment of the water bills is not sufficient consideration to create an implied contract" necessary to bring a claim for unjust enrichment. In *Borg-Warner*, our Supreme Court held that a prospective creditor who asked the Secretary of State to perform a filing search for financing statements involving a prospective debtor may not recover damages from the State on a contract theory. *Borg-Warner*, 433 Mich at 17-18. Our Supreme Court noted that, according to statute, "once a request for a filing search is made, the filing officer has no choice but to comply," and thus that such performance "is not induced by the promise to pay a fee." *Id.* at 20-21. The Court further noted that the pertinent statute "required the Secretary of State to demand, and the plaintiff to pay, a certain fee, no more and no less, for the performance of the search," and thus held that such payment was "not bargained-for consideration" that induced the performance. *Id.* at 21.

Regardless of the trial court's reference to *Borg-Warner* in its holding, the Supreme Court in that case did not mention the provision of water services or any other utility. It is apparent, then, that the trial court was applying the Supreme Court's holding—that payment of a statutorily required fee in connection with a governmental entity's provision of a statutorily required service did not constitute consideration for purposes of contract formation—to plaintiffs paying their water bills. On appeal, plaintiffs attempt to distinguish *Borg-Warner* by arguing that unjust enrichment comprises contracts implied in fact or in law, and that the trial court failed to appreciate that *Borg-Warner* concerned the former while their claim of unjust enrichment concerned the latter.

In fact, *Borg-Warner* did not involve unjust enrichment or any other equitable doctrine, but instead acknowledged that governmental tort immunity does not apply to contract claims, and decided whether the elements for an implied contract were satisfied. *Id.* at 19-23. Although some contract claims involve equitable remedies, contract damages constitute a remedy in law. See *English Gardens Condo, LLC v Howell Twp*, 273 Mich App 69, 74; 729 NW2d 242 (2006), aff'd in part, and rev'd in part on other grounds, 480 Mich 962 (2007). And the elements of a contract may be satisfied expressly by words, or impliedly by actions. See *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 558-559; 837 NW2d 244 (2013). Our Supreme

Court in *Borg-Warner* simply did not consider the equitable doctrine of unjust enrichment as plaintiffs invoked it in this case.

Regardless, our Supreme Court's decision in *Genesee Co* makes clear that an unjust enrichment claim is independent of a cause of action based in contract. Therefore, not only is *Borg-Warner* inapposite to the circumstances underlying this case, *Genesee Co* stands for the proposition that a claim for unjust enrichment is not based in contract at all—whether implied in law or fact. See *Genesee Co*, ___ Mich at ___; slip op at 7. Therefore, the trial court erred when it granted defendant's motion for summary disposition based on *Borg-Warner*.

Defendant, however, argues two alternative bases for affirming the trial court's decision. First, defendant asserts that plaintiffs' unjust enrichment claim fails because it provided water services to plaintiffs as required under the applicable ordinances. Second, defendant claims that plaintiffs had an adequate remedy at law and failed to exhaust their administrative remedies. These arguments fail.

Defendant's first argument is essentially that plaintiffs have not set forth a valid claim for unjust enrichment because defendant provided "water service" as required under Flint's city ordinance, and plaintiffs were obligated to pay for the water service received. Therefore, plaintiffs have not shown that defendant retained a benefit at plaintiffs' expense. This argument fails for obvious reasons. Unjust enrichment "is grounded in the idea that a party shall not be allowed to profit or enrich himself inequitably at another's expense." *Genesee Co*, ___ Mich at ___; slip at 5 (quotation marks and citation omitted). Plaintiffs have stated a valid claim for unjust enrichment because they allege to have paid for water that was poisonous. It is clear that defendant retained a benefit in keeping the payments for water that proved to be undrinkable. Plaintiffs also allege to have incurred a huge expense in not only being provided contaminated water, but having to pay for that contaminated water. Thus, plaintiffs have stated a valid unjust enrichment claim upon which relief could be granted.

Defendant's second argument is that, because all residents are entitled by ordinance to a mandatory hearing to dispute a water bill that they believe is unusually large, plaintiffs failed to exhaust their administrative remedies. We disagree.

Defendant's argument implicates the doctrine of primary jurisdiction. This doctrine comes into play where a court and an administrative agency have "concurrent original subject matter jurisdiction regarding a disputed issue . . . ." *Attorney General v Blue Cross Blue Shield*, 291 Mich App 64, 85; 810 NW2d 603 (2010) (internal quotation marks and citations omitted). "Primary jurisdiction is a concept of judicial deference and discretion. The doctrine exists as a recognition of the need for orderly and sensible coordination of the work of agencies and of courts." *Rinaldo's Constr Corp v Mich Bell Tel Co*, 454 Mich 65, 70; 559 NW2d 647 (1997) (quotation marks and citations omitted). Primary jurisdiction is "[t]he power of an agency to decide an issue in the first instance when a court, having concurrent jurisdiction with the agency, determines that it would be more pragmatic for the agency to handle the case initially." *Black's Law Dictionary* (11th ed).

Defendant invokes the exhaustion doctrine not in connection to an administrative agency, but rather with its own internal procedures, whereby its city administrator, or a person that

officer designates for the purpose, acts as referee when determining the validity of a utility billing dispute. See Flint Ordinances, § 46-17(b). Defendant points out that plaintiffs do not assert in their complaint that they had sought relief through the mechanism set forth in the Flint city ordinances, but neither does defendant assert that it asked the trial court to dismiss the action below, or at least stay proceedings so that possible administrative avenues could be pursued. See *City of Riverview v Sibley Limestone*, 270 Mich App 627, 633 n 4; 716 NW2d 615 (2006) ("Although an appellee need not file a cross-appeal to argue alternative reasons to support a judgment, to properly preserve a claim for appeal, the reasons must have been presented to the lower court." (citations omitted)). Further, defendant cites its ordinance to describe why a consumer might seek a hearing in connection with "any amount appearing on his or her water bill which he or she feels to be unusually large," quoting Flint Ordinances, § 46-17(a). Plaintiffs ably retort that the provision cited "offers no remedy or method to resolve Plaintiff/Appellants' unjust enrichment claims." Indeed, plaintiffs are not disputing inaccurate water bills, but rather dispute being billed for water that had little or no value. Therefore, defendant's argument fails. The trial court thus erred when it granted summary disposition under MCR 2.116(C)(8) in favor of defendant because plaintiffs have stated a claim upon which relief may be granted.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron