Nationstar Mtge., LLC v Forrest (2020 NY Slip Op 05763)





Nationstar Mtge., LLC v Forrest


2020 NY Slip Op 05763


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-03046
 (Index No. 514041/17)

[*1]Nationstar Mortgage, LLC, appellant,
v
Alfonzo Forrest, et al., defendants, 329 Bainbridge Realty, Inc., respondent.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for appellant.
Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), entered January 7, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint and for an order of reference, and granted that branch of the cross motion of the defendant 329 Bainbridge Realty, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed insofar appealed from, with costs.
For reasons stated in Freedom Mtge. Corp. v Engel (163 AD3d 631, 633, lv granted in part 33 NY3d 1039), we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the complaint and for an order of reference, and granting that branch of the cross motion of the defendant 329 Bainbridge Realty, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred.
We do not address the argument raised in Point I of the plaintiff's brief as it is improperly raised for the first time on appeal (see Citimortgage, Inc. v Borek, 171 AD3d 848, 851).
In view of the foregoing, the argument raised in Point III of the plaintiff's brief is academic.
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court