Das v Bangladesh Hindu Mandir, Inc. (2020 NY Slip Op 07354)





Das v Bangladesh Hindu Mandir, Inc.


2020 NY Slip Op 07354


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-02815
 (Index No. 10215/15)

[*1]Sadhan Das, et al., appellants, 
v
Bangladesh Hindu Mandir, Inc., et al., respondents.


Andrew Moulinos, Astoria, NY, for appellants.
Lawrence B. Goodman, New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to enforce a settlement agreement, the plaintiffs appeal from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered January 16, 2019. The order, insofar as appealed from, in effect, upon reargument, adhered to the original determination in an order of the same court entered November 30, 2017, denying the plaintiffs' motion, in effect, for summary judgment on so much of the complaint as sought to enforce the settlement agreement and granting that branch of the defendants' cross motion which was for summary judgment dismissing so much of the complaint as sought to enforce the settlement agreement.
ORDERED that the order entered January 16, 2019, is affirmed insofar as appealed from, with costs.
The plaintiffs, officers/directors of the defendant corporation Bangladesh Hindu Mandir, Inc. (hereinafter the Temple), commenced the instant action, inter alia, to enforce a stipulation of settlement dated April 22, 2015 (hereinafter the settlement agreement), by and between the plaintiffs and the defendants, the Temple and individuals who allegedly "run [its] entire Executive Board."
The settlement agreement, which resolved a prior action between the same parties, provides, in relevant part: "All claims in this action are settled upon the following terms and conditions with prejudice[:] 1. All parties, including [the Temple], shall abide by [the] Temple's Constitution, Bylaws, N-PCL and Religious Corp. Law. 2. [The Temple] shall accept for membership all individuals who qualify under the [Temple]'s Constitution and bylaws upon the payment of [the] appropriate fee, if required. Membership fees must be paid by money order or check payable to [the Temple] and not cash. 3. [The m]embership form shall be changed to include [a] statement that no cash is accepted for [the] membership fee. . . . The parties have discussed [the] contents of this stipulation, which has been explained to them by [their] respective counsel, and accept and agree to its terms." All parties and their counsel signed the settlement agreement, which was so-ordered by the Supreme Court.
The plaintiffs moved in the instant action, in effect, for summary judgment on so much of the complaint as sought to enforce the settlement agreement, particularly its first provision, [*2]requiring all parties to abide by the Temple's constitution and bylaws. The plaintiffs sought an order directing the Temple to hold elections for its board of directors and board of trustees, to revise its membership application form so as to eliminate the requirement of approvals by the president and general secretary, and to update and certify voter registration. The defendants cross-moved, inter alia, for summary judgment dismissing so much of the complaint as sought to enforce the settlement agreement.
In an order entered November 30, 2017, the Supreme Court denied the plaintiffs' motion and granted the defendants' cross motion. The plaintiffs then moved, inter alia, for leave to reargue with respect to the November 30, 2017 order. In an order dated August 6, 2018, the Supreme Court granted reargument, and in an order entered January 16, 2019, the court adhered to its original determination. The plaintiffs appeal from the order entered January 16, 2019.
While the settlement agreement meets the requirement of CPLR 2104, the provision which requires the parties to comply with the Not-for-Profit Corporation Law, the Religious Corporation Law, and the Temple's constitution and bylaws is unenforceable. "A promise to perform an existing legal obligation is not valid consideration to provide a basis for a contract" (Goncalves v Regent Intl. Hotels, 58 NY2d 206, 220; see also Fafoutis v Lyons, 149 AD2d 565, 565-566). While the second and third provisions of the settlement agreement are enforceable (see Spaulding v Benenati, 57 NY2d 418, 421 n 1), the defendants met their burden of demonstrating their entitlement to summary judgment on the merits of the plaintiffs' claims of breach and, in opposition, the plaintiffs failed to raise a triable issue of fact.
The parties' remaining contentions are academic, unavailing, improperly raised for the first time on appeal (see Nationstar Mtge., LLC v Forrest, 187 AD3d 927), or need not be reached in light of our determination.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court